HANNAH McNEIL, Respondent, *v.* J. HUNTING COBB and MARY A. COBB, Appellants.

Third Department, January 15, 1919.

Conversion — pleading — complaint alleging assignment procured by fraud — failure to prove fraud — proof establishing assignment as security — equitable relief cannot be given on complaint stating legal action for conversion — amendment changing nature of action.

Where a complaint in substance charges the defendants with conversion in that they induced the plaintiff, an ignorant woman, who was a beneficiary of insurance policies on the life of her husband, to assign the policies

to the defendants upon an alleged false representation that it was necessary for the plaintiff to sign the instrument in order to reduce premiums on other policies which had been assigned to one of the defendants as collateral to a loan made to the plaintiff's husband, with the further assurance that the instrument would not affect the plaintiff's rights and interest in the policies, etc., the trial court should have dismissed the complaint, where the only proof of the allegations thereof was testimony by the plaintiff to the effect that one of the defendants and her lawyer brought the paper and told her to sign it for security for $100, there being no motion to conform the pleadings to the proof, and the defendants having moved for a dismissal of the complaint at the close of the evidence, and for a new trial after the verdict.

Under such complaint and proof, the court should not treat the action as one in equity rather than for conversion and allow the jury to find for the plaintiff for the difference between the value of the policies and the $100 loan made to the plaintiff's husband.

*It seems*, that if the policy had been assigned as security only, the defendants were required to pay the accruing premiums to maintain the security in force, and that they would be entitled to have their payments refunded in addition to the debt.

A party must recover in chancery according to the case made in his bill or not at all; *secundum allegata*, as well as *probata*, which rule applies equally to actions at law.

The complaint aforesaid could not have been amended at trial against the objection of the defendant so as to materially change the character of the action into one in equity.

APPEAL by the defendants, J. Hunting Cobb and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Broome on the 22d day of August, 1917, upon the verdict of a jury, and also from an order entered in said clerk's office on the 16th day of April, 1918, denying defendants' motion for a new trial made upon the minutes, with notice of an intention to bring up for review an intermediate order entered in said clerk's office on the 22d day of August, 1917, directing that plaintiff recover interest computed by the court in addition to the verdict found by the jury.

*Hinman, Howard & Kattell* [*Archibald Howard* of counsel], for the appellants.

*Charles R. Stewart* [*George M. Le Pine* of counsel], for the respondent.

WOODWARD, J.:

The complaint alleges that the defendants are husband and wife; that on or about October 10, 1900, the Phœnix Mutual Life Insurance Company issued two policies upon the life of Perley M. McNeil, the plaintiff's husband; that one of these policies was payable to the estate of the insured, and the other to this plaintiff; that at the same time the Mutual Life Insurance Company of New York issued two policies upon the life of plaintiff's husband, one of them payable to his estate and the other to the plaintiff herein; that on or about April 30, 1904, plaintiff's husband was the insured and plaintiff was the beneficiary in a policy of the Phœnix Mutual Life Insurance Company for the sum of $1,000, " and a policy in The Mutual Life Insurance Company of New York," the number of which is given, but no amount; that on or about said April 30, 1904, the defendants stated and represented to plaintiff that it was necessary for plaintiff to sign certain papers in order to reduce the premiums on two other policies that had been assigned to Mary A. Cobb as collateral to a loan of $100 made to plaintiff's husband and that the signing of the papers that the defendants presented to plaintiff at such time would not affect the plaintiff's rights and interests in the aforesaid two policies of $1,000 each upon the life of the plaintiff's husband, and that in the event of his death such moneys from such policies would be paid to plaintiff; that the plaintiff is an ignorant woman and unable readily to read or write, and believing the statements made by defendants to be true and trusting such defendants, signed the papers then presented to her by the defendants, but that the defendants knowing such statements to be false and knowing that the papers that they presented to plaintiff were absolute assignments of the aforesaid two policies of $1,000 each, payable to plaintiff upon the death of her husband, affixed her signature to such papers; that the defendants made such representations with the intent to defraud this plaintiff and secure to themselves any moneys that should become due under the aforesaid two policies of $1,000 each in the event of the death of the said plaintiff's husband; that plaintiff's husband died on the 24th day of May, 1912, and that the defendants collected the amount of the two policies involved

in this litigation, and converted the same to their own use, notwithstanding the demand of the plaintiff for such moneys.

Obviously the theory of this action is that the defendants, by fraudulently misrepresenting the purpose of the signatures upon the papers presented, induced the plaintiff to give an absolute assignment of her interest in these two policies, and that, because of the fraud, such assignment is void and of no effect, and that the plaintiff is entitled to recover the sum collected by the defendants from the insurance companies. The answer of the defendants denies the material allegations of the complaint, in so far as the allegations of fraud are concerned, though admitting the fact of the issuing of the policies, etc., and particularly denies that the defendant J. Hunting Cobb collected any of the moneys, or that either of the defendants has converted any moneys belonging to the plaintiff.

There is absolutely no evidence in the case to establish the alleged false representation alleged in the complaint; no evidence whatever that the defendants or either of them asked or induced the plaintiff to sign the assignments in question on the theory that it was to permit Mrs. Cobb to be relieved of the payment of any part of the premiums on other policies, or that the plaintiff's rights in the policies assigned were not involved. On the contrary, the plaintiff herself testified, in answer to her counsel's question, " What was said while you were there between you and Mrs. Cobb and the lawyer? " that " they brought a paper and told me to sign it for security for the $100 for the saloon," and it is entirely obvious that the judgment is based upon this testimony of the plaintiff, and that the court has permitted an adjustment of the supposed equities between the parties.

No effort was made to conform the pleadings to this proof; to transform this action of conversion into one in equity; and while it is true that the defendants did not object to this testimony at the time it was brought out, they did move for a dismissal of the complaint at the close of the evidence, and they moved, after the coming in of the verdict, for a new trial upon the exceptions taken upon the trial; because the verdict is for excessive damages and because the verdict is contrary to the evidence and contrary to law; and upon

appeal from a denial of this motion these questions are open to the defendants in this court. (*Smith* v. *Long Island Railroad Co.*, 129 App. Div. 427; *Lesin* v. *Shapiro*, 147 id. 100, 104.)

If the defendants had, by fraudulent misrepresentations, induced the plaintiff to sign away her interest in the policies in question she was clearly entitled to a verdict for $2,000. If the transaction was fraudulent the assignment was void, and a void thing is no thing; it could not be made the basis of any kind of a judgment for the defendants. The plaintiff, however, offers no testimony in support of the alleged fraud; she testifies that the assignments were made as collateral security for the sum of $100, and the evidence shows that at the time of the alleged assignments these policies had little or no value; that they would have to be kept in force by the defendants, and the evidence tends to show that all the premiums, subsequent to the assignment, were paid by the defendants. If the assignment was in fact made for the purpose of collateral security to a debt, and the defendants have been obliged to pay the accruing premiums in order to maintain their security, they were clearly entitled to have what they have paid refunded in addition to their debt, if principles of equity are to prevail.

But the fatal defect here is that the judgment is not based upon the allegations of the complaint and the proofs; both of these must concur in a valid judgment. The evidence of the plaintiff, upon which this judgment obviously rests, if at all, was not within any issue which the parties had framed. In such a case it is well settled that such evidence, though it may have been received without objection, must be disregarded on the hearing, and a decree founded on evidence of that character will be reversed. The rule is explicit and absolute, that a party must recover in chancery according to the case made in his bill, or not at all; *secundum allegata,* as well as *probata* (*Thomas* v. *Austin*, 4 Barb. 265, 272, 273, and authorities there cited; *Chautauque County Bank* v. *White*, 6 N. Y. 236; *Rome Exchange Bank* v. *Eames*, 1 Keyes, 588, 592, and authorities cited; *Kelsey* v. *Western*, 2 N. Y. 500, 506, 507; *Stewart* v. *Sulger*, 174 App. Div. 838, 841; *Lamphere* v. *Lang*, 213 N. Y. 585, 588; *Jackson* v. *Strong*, 222 id. 149, 154), and this rule applies equally to actions at

law. (*Shaw's Jewelry Shop, Inc.,* v. *New York Herald Co.,* 170 App. Div. 504, 506, and authorities there cited.) It is not every abstract fact which finds its way into the record through mere inadvertence on the part of counsel, which is to form the basis of judgments; the facts must have some relation to the issues tendered by the pleadings, or there must be such an open and clearly understood purpose to try new issues that the parties are not misled or surprised to their prejudice, and the pleadings must then be amended to conform to the proofs; the judgment can be only *secundum allegata et probata* — according to the pleadings and the proofs. " The whole scope of the provisions of the Code of Civil Procedure permitting immaterial variances to be disregarded," say this court in *Stewart* v. *Sulger* (174 App. Div. 838, 841), " implies that all the material allegations of the plaintiff or defendant shall be spread upon the record, ' shall be actually inserted in the pleadings, and when variances are disregarded, it is upon the principle that they may be amended *nunc pro tunc* at the trial, and the court will so order to perfect the record so that it shall show the question really litigated and decided. The principle still remains that the judgment to be rendered by any court must be *secundum allegata et probata;* and this rule cannot be departed from without inextricable confusion and uncertainty and mischief in the administration of justice. Parties go to court to try the issues made by the pleadings, and courts have no right impromptu to make new issues for them, on the trial, to their surprise or prejudice, *or found judgments on grounds not put in issue, and distinctly and fairly litigated.'* (*Wright* v. *Delafield,* 25 N. Y. 266, 270; *O'Hehir* v. *Central New England R. Co.,* 152 App. Div. 677, 681; *Gordon* v. *Ellenville & Kingston R. R. Co.,* 195 N. Y. 137, 139, 141.) "

In the leading case of *Southwick* v. *First National Bank of Memphis* (84 N. Y. 420, 428) where one cause of action was pleaded and a judgment was entered upon a different theory, the court say: " Here, although the defect in the complaint was pointed out in due time upon the trial, no amendment was asked for or ordered. This is not a case where the pleadings can after the trial be conformed to the proof, as such an amendment would change substantially the *claim of the plaintiff as alleged.* [Italics ours.] This is not a case of mere

variance or mere defect, but a case of failure to prove the cause of action alleged in its entire scope. * * * It is no answer to this objection that the defendant was probably not misled in its defense. A defendant may learn outside of the complaint what he is sued for and thus may be ready to meet plaintiff's claim upon the trial. He may even know precisely what he is sued for when the summons alone is served upon him. Yet it is his right to have a complaint, to learn from that what he is sued for and to insist that that shall state the cause of action which he is called upon to answer, and when a plaintiff fails to establish the cause of action alleged the defendant is not to be deprived of his objection to a recovery by any assumption or upon any speculation that he has not been injured."

" But the rule that a party coming into court asserting one cause of action cannot recover on another and different one," say the court in *Reed* v. *McConnell* (133 N. Y. 425, 434), " is unchanged. * * * Where a cause of action is imperfectly stated, or on the trial a variance is disclosed between the pleadings and the proof, not affecting the essential nature of the claim asserted, the court has ample power to grant relief without turning a party out of court. But where the allegation of the complaint is unproved, not in some particular or particulars only, but in its entire scope and meaning, it is not a case of variance, but a failure of proof, and no judgment can be rendered in favor of the plaintiff upon the pleading as it stands." " This recovery," say the court in the same case, at page 433, " was in violation of the rule that no judgment can be sustained in favor of a plaintiff on a cause of action not alleged in the complaint, unless the defendant, by his silence or conduct, acquiesced in the trial of the new and different cause of action, upon which the judgment proceeded."

The case of *Truesdell* v. *Sarles* (104 N. Y. 164) was a case much in point; the complaint alleged a fraudulent conveyance for the purpose of defeating the rights of creditors, and no fraudulent intent was shown by the evidence. It was held that the court erred in refusing a nonsuit. The court say: " Upon the issues formed by the pleadings the question was whether the evidence disclosed fraud either in fact or

law sufficient as against Adaline Sarles to set aside the deed under which she claimed title. This was the only available ground of relief and the burden of proving it was on the plaintiff. It is hardly necessary to criticise the evidence, for the judgment of neither court follows the plaintiff's prayer, or the statement of his cause of action. It is therefore in violation of the well-settled rule that no judgment can be given in favor of a plaintiff on grounds not stated in his complaint, nor relief granted for matters not charged, although they may be apparent from some part of the pleadings or evidence. [*Rome Ex. Bank* v. *Eames,* 1 Keyes, 588; *Wright* v. *Delafield,* 25 N. Y. 266; *Southwick* v. *First Nat. Bank,* 84 id. 420.] This point was fairly presented by the exception taken at the close of the plaintiff's case, and again at the close of the testimony, to the refusal of the trial judge to grant the defendant's motion to dismiss the complaint, and by exceptions to the refusal to find certain conclusions of law to which his attention was directed."

In this case there was a total failure on the part of the plaintiff to prove the one fact alleged which went to the question of fraud. This was the one issue of fact between the parties, and when the evidence failed to establish this fact, the defendants had a right to have the complaint dismissed. To have amended the complaint would have been to materially change the character of the action, and this could not be done. The complaint, as it stands, still alleges the fact on which the conclusion of fraud might have been predicated, but the fact itself is wholly unproved; the plaintiff testifies that she was asked to sign the assignment as collateral security to her husband's note, which might have given rise to some equities, demanding an accounting on the part of the defendants, but the complaint was for conversion. The jury has, in effect, found that the transfer was fraudulent to the extent of $1,900, while the evidence of the plaintiff is conclusive against her allegations of fraud and shows that the assignment was made as collateral security, and she is here trying to sustain a judgment in favor of the defendants for the amount of the security and of herself for the remainder. There is no allegation in the complaint upon which any such judgment can rest; it would be necessary to recast the whole

complaint to reach any such result, and the court should have dismissed the complaint, leaving the plaintiff to bring such other action as she might be advised.

The judgment and order appealed from should be reversed, and a new trial granted, with costs to appellants to abide the event.

All concurred.

Judgment and order reversed on law and facts and new trial granted, with costs to the appellants to abide the event. The court disapproves of the finding that the execution of the assignment of the policies of insurance by the plaintiff to the defendants was procured by the false or fraudulent representations of the defendants.