ALBERT W. HARRIS, Respondent, *v.* ALEX. P. SHORALL and GEORGE V. STOUKAS, Appellants.

Third Department, June 30, 1919.

**Vendor and purchaser — specific performance — contract of sale providing that vendor shall secure extension of mortgage — sufficiency of tender of extension as to part and second mortgage to vendor for balance — chancery — necessity that decree should be secundum allegata et probata — agreement to secure extension of mortgage as part of contract of sale — sufficiency of extension agreement executed after law day and on conditions not agreed to — what amounts to estoppel in pais.**

Specific performance will not be decreed of a contract to purchase real estate by the terms of which the vendor is to secure the extension of a mortgage for $11,000 for a certain period of time, where the performance tendered on the law day is an extension of the mortgage to the amount of $10,000 and a second mortgage for $1,000 to the vendor.

The rule is explicit and absolute that a party must recover in chancery according to the case made in his bill, or not at all; *secundum allegata,* as well as *probata.*

Accordingly an allegation that the plaintiffs duly secured an agreement prior to the law day, to extend the mortgage, is not met by proof of a letter from the mortgagee agreeing to extend the mortgage on different conditions than those provided for in the contract of sale, or by an agreement executed several months after the law day, and then not in accordance with the terms of sale.

The essence of *estoppel in pais* are such acts and declarations of a person as are designedly for the purpose of inducing a person to alter his position injuriously to himself.

JOHN M. KELLOGG, P. J., and LYON, J., dissented, with memorandum.

APPEAL by the defendants, Alex. P. Shorall and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Washington

on the 21st day of November, 1918, upon the decision of the court after a trial before the court without a jury.

*Chambers & Finn* [*Walter A. Chambers* of counsel], for the appellants.

*Rogers & Sawyer* [*Erskine C. Rogers* of counsel], for the respondent.

WOODWARD, J.:

This is an action for specific performance of a contract, and has resulted in a judgment in favor of the plaintiff, from which the defendants appeal. The complaint alleges the ownership of the premises involved by the plaintiff, and that on " the said nineteenth day of January, 1918, the plaintiff and defendants entered into an agreement in writing, a copy of which is hereto annexed, * * * for the sale by plaintiff and purchase by defendants of the said real property." The written contract referred to provided for the sale of the premises described to the defendants for the sum of $16,000. Five hundred dollars was to be paid upon the delivery of the contract, and this was done. Four thousand five hundred dollars was to be paid on the 15th day of February, 1918, " on which date deed is to be delivered and purchase price paid, and possession to be given second parties; the property is subject to a mortgage of $11,000 held by the Albany Savings Bank, and when the said $5,000 is paid as above provided, the deed is to be given as hereinafter provided, and subject to said mortgage. First party agrees to procure from said bank an extension of the payment of said mortgage for at least two years from this date, or to procure some other person to hold said mortgage for that time; and in default thereof, this agreement is to become void and said $500 returned to said second parties."

Language could hardly be stronger; the defendants made it a condition precedent to the consummation of the purchase that the plaintiff should procure the bank or some other person to " hold said mortgage " for a period of at least two years, and this contract is under seal, and must be presumed to express the understanding between the parties. That the plaintiff understood that this was a condition precedent is

evident from the fact that in his complaint it is alleged " that after said nineteenth day of January, 1918, and prior to the fifteenth day of February, 1918, plaintiff duly procured an agreement of the Albany City Savings Institution * * * for the extension to February 15th, 1920, of the payment of $10,000 of the $11,000 secured by the mortgage incumbrance on said premises held by the said Savings Institution, and that plaintiff thereupon agreed with defendants to take their mortgage on said premises as security for the payment to him on February 15th, 1920, of the remaining sum of $1,000 to be paid by him to said Savings Institution in reduction of the said mortgage incumbrance held by it, to all of which defendants agreed." The complaint then alleges the tender of a deed, with the usual muniments of title, and the refusal of the defendants to pay the consideration and accept the deed, and demands judgment for the specific performance of the contract.

The answer admits the making of the contract and the initial payment of $500, and denies the remaining material allegations of the complaint. It is to be noted that there is no effort to reform the contract; no suggestion of any misunderstanding in reference to the terms or conditions of the written instrument. The plaintiff sets out the contract in full and " prays judgment that the defendants be required to perform said agreement, pay to plaintiff the sum of $4,500, with interest thereon from February 15th, 1918, and execute and deliver to plaintiff a mortgage on said premises as security for the payment to plaintiff of the sum of $1,000," etc. But the " said agreement " makes no provision whatever for giving to the plaintiff a second mortgage upon the premises; the " said agreement," which the plaintiff asks to be performed, provided that the plaintiff should procure from the bank an " extension of the payment of said mortgage " of $11,000 for at least two years, or " procure some other person to hold said mortgage " for that time, and as there is not claimed to have been any misunderstanding as to the terms it is difficult to understand how any court can decree the specific performance of the contract set out, and at the same time require the defendants to give a second mortgage on the property. It is true, of course, that upon the face of the transaction

there appears little difference between the extension of " said mortgage " for $11,000 and the extension of $10,000 of the said mortgage and the giving of a second mortgage to take care of the plaintiff's advance of $1,000 in payment of that portion of the mortgage, but if the court is to make a new agreement for the parties there should be some equitable grounds for the reformation of the contract — not an arbitrary determination that something else is just as good. And in a business way a second mortgage upon the premises is not just as good as one mortgage for the aggregate sum; it introduces a complication which would at least have to be explained. The bank was not willing to extend the credit to the extent of $11,000, and a second mortgage, with the possibilities always of default and foreclosure, depreciated the property as a basis of credit, and then, too, there is the question of the mortgage taxes, for which no provision appears in the contract.

But a more serious question is presented. The complaint, as we have already pointed out, alleges that prior to the law day the " plaintiff duly procured an agreement of the Albany City Savings Institution    *    *    *    for the extension to February 15th, 1920, of the payment of $10,000 of the $11,000 secured by the mortgage incumbrance on said premises," and this allegation is denied in the answer. Even upon the plaintiff's theory that the $10,000 extension and the payment of $1,000, with a second mortgage to the plaintiff, was just as good for the defendants, it was necessary to show that the plaintiff had performed this much of the agreement; it is still requisite that the judgment or decree of the court should be *secundum allegata et probata*. The rule is explicit and absolute that a party must recover in chancery according to the case made in his bill, or not at all; *secundum allegata*, as well as *probata*. (*McNeil* v. *Cobb*, 186 App. Div. 177, 181, and authorities there cited.) It is true the learned trial court has found as a fact that " after the 19th day of January, 1918, and prior to the time agreed upon in said contract for the delivery of the deed and the payment of the balance of the purchase price, plaintiff duly procured an agreement of the Albany City Savings Institution    *    *    *    for the extension," etc., but a careful examination of the testimony fails to disclose any evidence to support this finding. The only testimony bearing upon the alleged exten-

sion agreement is found in connection with an alleged letter from the Albany bank in which it is alleged to have expressed a willingness to extend the time of the mortgage to the extent of $10,000 upon three conditions, not one of which the defendants were willing to comply with, or did, and the undisputed testimony of the plaintiff's witness on cross-examination, that the alleged extension agreement which was produced on the law day was in blank and unexecuted by any one. Moreover the court itself declared, in the course of an examination of a witness, that there was no claim that there was an executed extension agreement at the law day meeting, and the record shows that no such agreement was executed by the Albany bank until the 10th day of September, 1918, approximately five months after the complaint was made and verified. Nothing short of an agreement in writing could meet the requirement of the contract, and such an agreement was not made until many months after the time fixed for the closing of the transaction, and then not in accord with the requirements of the contract which the plaintiff asks to have specifically performed. A thing to be duly done must be done according to law (*Brownell* v. *Town of Greenwich,* 114 N. Y. 518), and it must be entirely evident that the court erred in finding that " prior to the time agreed upon in said contract for the delivery of the deed and the payment of the balance of the purchase price, plaintiff duly procured an agreement of the Albany City Savings Institution * * * for the extension to February 15th, 1920, of the payment of $10,000 of the $11,000 secured," etc. No such agreement was duly made until the 10th day of September, 1918, long after the law day, and while there is some more or less credible evidence in the case that the defendants indicated that they might agree to a modification of the contract to the extent of permitting a second mortgage, the matter was held open until the time for closing, and at that time they refused to permit of a second mortgage and stood upon their written contract, as they had a right to do. No estoppel is pleaded or proved; the essence of estoppel *in pais* are such acts and declarations of a person as are designedly for the purpose of inducing a person to alter his position injuriously to himself (Herm. Estop. § 3), and the record now before us shows conclusively that the

plaintiff and his agent were the only persons who were doing acts and making representations; they were trying to get the defendants to modify their contract. They were seeking concessions, without any new considerations, and the most that can be fairly said is that these Greeks, with a caution justified by experience, lacked somewhat in frankness in disclosing their final purposes, if they in fact were possessed of any final purposes other or different from those expressed in their contract. The defendants, so far as appears, were ready, willing and able to perform their contract. The plaintiff was not, at the law day, prepared to perform the condition upon which the defendants insisted in their agreement. The complaint did not ask to change the contract, but alleged a partial compliance with its provisions, and then failed to show that the plaintiff had even performed the partial conditions, and asks for specific performance of the agreement as the plaintiff would have us believe it existed on the law day, by reason of the indeterminate conversations of the plaintiff's agents with the defendants preceding the closing time fixed by the contract.

It may be that if the plaintiff had been prepared to perform all of the conditions of the contract, with the exception of the formal execution of the extension agreement — if the Albany bank had stood ready to give the extension contracted for — the defendants would not have been permitted to arbitrarily refuse to permit of a reasonable time for the performance of this condition; but no such situation is presented. The extension agreement which was finally executed does not conform to the contract sought to be enforced, and the defendants have never consented to a modification of that agreement. The contract was made under seal, and while the defendants might have waived their rights by accepting a different condition, we know of no rule of law or equity which permits the court, on a pleading alleging performance of a part of a condition, and this wholly unproved, to make and enforce a contract different from that which the parties have themselves made, and which they admit fairly expresses the agreement which they had reached in its execution. There is a failure both in the pleadings and the proofs to justify the decree in this case.

The judgment appealed from should be reversed, and the complaint dismissed, with costs.

All concurred, except JOHN M. KELLOGG, P. J., dissenting, with a memorandum in which LYON, J., concurred.

JOHN M. KELLOGG, P. J. (dissenting):

By the contract the defendants were to assume the mortgage of $11,000 then held by the bank, if the time of payment was extended two years. The bank having refused to extend the mortgage for more than $10,000, it was agreed between the parties, before the law day, that the defendants would either pay $1,000 additional cash to reduce the mortgage to $10,000 or would give an additional mortgage for $1,000, if the plaintiff reduced the bank mortgage to that amount, but the defendants at the time left it uncertain which alternative they would meet but before the law day they agreed to give the additional mortgage for $1,000. This agreement was not in writing and was not a legal modification of the original contract under seal, but it was relied upon by the plaintiff and excused the plaintiff from not tendering on the law day the full performance of the written agreement. On the law day the defendants refused to recognize a modification of the contract and insisted upon its performance as written. The plaintiff asked additional time so that he could obtain an extension by the bank of the $11,000 mortgage. The defendants refused and demanded a return of the money which they had paid upon the contract. It is evident the defendants' position was technical and unfair and was taken for the purpose of escaping from a contract which to them had become burdensome. They cannot escape in that way. The effect of the verbal transaction, and what took place on the law day, was to give the plaintiff a reasonable time in which to perform the written contract. It is urged that the clause in the extension agreement by which, in case of adverse legislation within the two years, the bank can declare the mortgage due, is inconsistent with the written agreement which contemplated an extension upon the same terms. That position is probably correct but was not raised on the law day. Nevertheless we are in a court of equity, and the

defendants should not be required to perform the contract with this objectionable provision in it. The plaintiff has paid $1,000 upon the mortgage in order to meet the terms of extension required by the bank. The wrongful acts of the defendants have naturally created a situation where the contract cannot be literally performed by the plaintiff, but its spirit can be met and specific performance had without violence and in the interest of substantial justice. The original agreement did not contemplate that the defendants were to give a new mortgage, and they make the excuse that a mortgage executed by them may hurt their credit. That is the only objection raised by them. This objection can be met by the plaintiff tendering to the defendants, within a reasonable time, the extension of time for the $10,000 mortgage and a deed of the property subject to that mortgage and subject to a mortgage given by the plaintiff for $1,000, due at the same time. These conditions are a substantial and equitable compliance with the terms of the contract.

I, therefore, favor a modification and affirmance of the judgment as modified, without costs, as follows: By adding thereto a provision that if within ten days after the service of a copy of the decision herein the defendants serve upon the plaintiff a notice that they prefer that the $1,000 mortgage shall exist against the property before it is conveyed to them, that such request shall be observed and that the rights and equities of the parties be adjusted as of the law day, the plaintiff accounting for the net rentals and income of the property, from which is to be deducted interest upon the balance of the unpaid purchase price. The amount remaining to the credit of the defendants is to be applied in reduction of the $1,000 directed to be paid or secured. If the plaintiff neglects to tender the performance as provided herein within thirty days after service of a copy of the decision herein and the adjustment of the net rentals and interest, then the judgment should be reversed and the complaint dismissed, with costs to the appellants.

LYON, J., concurred.

Judgment reversed and complaint dismissed, with costs.