JONAS E. WILLIE, Respondent, v. JOSEPH LUCZKA, Appellant.

Third Department, November 18, 1920.

Motor vehicles — collision between motorcycle with side car attached and horse-drawn vehicle — contributory negligence —when lack of proof of compliance by plaintiff, driver of motorcycle, with Highway Law as to lights precludes recovery.

Where in an action to recover for personal injuries resulting from a collision in the night time between a motorcycle with a side car attached which the plaintiff was driving, and defendant's horse-drawn vehicle, the defend-

ant denied the plaintiff's allegation that he was driving in "a proper and lawful manner," the plaintiff's failure to establish that at the time of the accident he was complying with subdivision 1 of section 305 of the Highway Law as to the number and power of the lights on his machine precludes a recovery.

APPEAL by the defendant, Joseph Luczka, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Schenectady on the 18th day of February, 1920, upon the verdict of a jury for $4,500, and also from an order entered in said clerk's office on the 19th day of February, 1920, denying defendant's motion to set aside the verdict and for a new trial made upon the minutes.

*George H. Smith,* for the appellant.

*James C. Cooper,* for the respondent.

WOODWARD, J.:

The plaintiff in this action received a serious injury in a collision between a motorcycle which he was driving and a wagon driven by the defendant, on the 9th day of September, 1919, on the Consaul road in the outskirts of Schenectady, for which a jury has awarded him a verdict of $4,500. The defendant appeals from the judgment and from an order denying his motion for a new trial on the minutes.

The plaintiff testifies to the effect that on the evening of the ninth of September, the night being dark and rainy, he left the residence of his father-in-law on a motorcycle, equipped with a side car in which his wife was seated, intending to return to his home; that after traveling eight or nine hundred feet along the Consaul road, which had a cinder track about twelve feet in width, he saw the defendant, near the foot of a slight grade, driving toward him apparently near the center of the cinder track. The defendant was driving one horse attached to a covered wagon, and the plaintiff, who says he was running from fifteen to twenty miles an hour, estimates that the defendant was about fifty feet from him when he (the plaintiff) first saw the defendant. The plaintiff says that he turned his car to the right, thus excluding the defendant's rig from his vision; that feeling his car tipping he brought it back to the left, and that as he regained the track he found

the defendant's horse opposite him, and that his motorcycle collided with the defendant's rear wheel, throwing the plaintiff's car to the right side of the road and resulting in injuries to himself and wife.

Passing over the question of defendant's negligence, and accepting the plaintiff's contention that the violation of a duty imposed by statute is evidence of negligence, how can we escape the conclusion of the plaintiff's contributory negligence? Subdivision 1 of section 305 of the Highway Law (as added by Laws of 1916, chap. 72) provides that every motor cycle, operated or driven upon the public highways of this State, " shall, during the period from one-half hour after sunset to one-half hour before sunrise, display one lighted lamp on the front and one on the rear, or, when such motor cycle is operated with a passenger or other truck attached to the side or front, two such lamps on the front and one on the rear," and that the light of the front lamp or lamps shall be visible at least 200 feet in the direction in which the motor cycle is proceeding. The complaint alleges that on the occasion in question " the plaintiff was driving his said motorcycle along said road, on the right hand side thereof, in a proper and lawful manner." This allegation is denied by the answer, and the plaintiff was bound to establish the fact as alleged in his complaint; it is still the rule that the judgment to be rendered by any court must be *secundum allegata et probata.* (*McNeil* v. *Cobb,* 186 App. Div. 177, 182, and authorities there cited.) The undisputed evidence of the plaintiff is that he was operating a motorcycle with a side car in which his wife was at the time riding. He testifies that his motorcycle lamp would throw a ray 65 feet ahead of his car, but he makes no mention of two lamps; does not at any point testify to the lawful equipment of his motorcycle when used with a side car, as this motorcycle was used at the time of the accident. He has clearly failed to establish the necessary fact that he was driving in " a proper and lawful manner," for this could be done only in the manner prescribed by the statute. A motorcycle covering substantially the space of an ordinary four-wheeled car, with only one light, is a constant menace to those using the highways, and the Legislature has provided that in using the side car the motorcycle shall be

equipped with two lights; and the plaintiff cannot be permitted to recover without showing that he has complied with the law. This is especially true when he alleges the operation of the machine in " a proper and lawful manner," and then fails to establish the facts, where the complaint puts them in issue.

The judgment and order appealed from should be reversed.

All concur.

Judgment and order reversed on the law and facts, and new trial granted, with costs to the appellant to abide the event. The court disapproves of the finding that the plaintiff was free from contributory negligence.