EDNA M. ANDERSON, Plaintiff, *v.* FIDELITY CO-OPERA-
TIVE FIRE INSURANCE COMPANY and MILO O. GILBERT,
Defendants. .

MILO O. GILBERT, Plaintiff, *v.* DAVID D. KNAPP et al.,
Defendants.

(Supreme Court, Chautauqua County, October, 1921.)

Pleadings — when court without power to amend pleadings to con-
form to proof — equity — contracts — evidence — trial.
Insurance — reformation of policy — rights of mortgagee.

It is well settled that under an allegation of full and com-
plete performance evidence of a waiver of performance of
either covenants or conditions in an insurance policy is inad-
missible.

Where evidence received over the objection and exception of
the opposite party is open to the objections urged against its
reception, the court is without legal power to amend the plead-
ings to conform to the proof.

A party must recover in a court of equity according to the
case made in his bill, or not at all, and where the evidence upon
which a judgment in favor of plaintiff must rest, if at all, is
not within the issues framed by the parties, such evidence,
though received without objection, must be disregarded and a
decree founded thereon will be reversed.

Parties to a contract may provide that the performance of
any requirement is a prerequisite to a recovery on the contract,
and in that event due performance or adequate excuse for fail-
ure to perform, must be alleged in the complaint.

The time when an action may be brought upon a contract
may be regulated by the parties as well as any other condition
contained in their agreement.

A complaint, after alleging that defendant, in consideration
of a cash payment by it to plaintiff, agreed to insure two barns
on her farm in the aggregate amount of $700, said insurance
to commence on June 17, 1920, and to expire at noon June 17,
1923, further alleged that defendant in pursuance of said agree-
ment issued its policy, " but in violation of said agreement and
as plaintiff is informed, by mistake and clerical error, or if

not by mistake on the part of said defendant, then said defendant through its officers and agents, intending to cheat and defraud this plaintiff, said policy was dated several weeks ahead of the date on which it was issued and did assume to be issued the 2nd day of July, 1920, and did assume to extend to the 2nd day of July, 1923," and that "plaintiff had no knowledge of said mistake or fraud and that said dates were placed in said policy and permitted to remain there and said policy accepted and permitted to continue in the form in which it was drawn, all by the mistake of this plaintiff and contrary to the express agreement therefor orally made." It was then alleged that on or about the 30th day of June, 1920, the insured property was destroyed by fire and that plaintiff's loss was in excess of $700; that "promptly thereafter plaintiff did give notice of said loss and did promptly and duly furnish the defendant with proof of said loss, which proof was accepted and retained by defendant, and plaintiff has otherwise duly performed all the conditions of said policy and agreement on her part to be performed;" that more than ninety days have elapsed since the furnishing of said proof of loss and no part of said loss has been paid, and that there is due and owing the plaintiff from the defendant insurance company the sum of $700, with interest from October 1, 1920. The demand for judgment was that the policy be reformed "to conform to the intention of the parties thereto, in that the term during which said insurance is in force be stated to be from June 17th, 1920, at noon, to June 17, 1923, at noon," and that plaintiff have judgment for the amount of the loss occurring on the day of the fire. The issue of the alleged mistake in the date of the policy, or of intended fraud, raised by the answer, depended upon whether there was an agreement that the policy should cover the period between the 17th day of June, 1920, and the date of the fire. The evidence for the plaintiff, who had nothing to do with the negotiation for the policy, failed to establish that there was any agreement as to the exact term for which the policy was to be issued, and all that the evidence fairly showed was that plaintiff's husband, who did all the business, asked defendant's agent for some insurance, because the mortgagee had told him the other policies "would run out" and that he (the mortgagee) wanted some new policies right away, and there was no evidence that the agent did anything to prevent plaintiff from knowing the contents of the policy. *Held*, that there was no mutual mis-

take, such as is necessary in the reformation of written instruments, in the absence of fraud, and plaintiff having failed to establish that the agreement was such as was pleaded was not entitled to recover anything against the defendant insurance company.

The plaintiff in accepting the policy agreed to its lawful terms, one of which required a statement under oath as to the origin of the fire, etc., within sixty days, and if she expected to show a waiver of performance of this condition by defendant she was bound to plead it; she could not allege due performance of the provisions of the policy, and when this was denied by the answer, change front on the trial, conceding her statement was untrue, and establish facts excusing performance.

While the mortgagee's interest in the insurance moneys was preserved by his filing of proof of claim this did not extend beyond what was necessary to preserve his interest in the entire property, as it stood before the fire, and the defendant owed nothing beyond the mortgagee's interest, in excess of the sum realized on the sale of the property.

ACTION upon a fire insurance policy.

Mott & Ottaway, for plaintiff Anderson.

John W. Hollis, for the Fidelity Co-Operative Fire Insurance Company.

Crosby & Crosby, for Milo O. Gilbert.

William S. Stearns, for Silas T. Crocker.

WOODWARD, J. The complaint in this action alleges that the defendant is a domestic insurance corporation, doing business at Alfred, N. Y., and that the defendant " Milo O. Gilbert is named in said policy of insurance hereinafter referred to as a payee thereunder and may claim to have some interest in said policy of insurance, which interest, however, if any, is subsequent to that of plaintiff." Both of these allegations are admitted. The complaint further alleges that the plaintiff, on or about the 17th day

of June, 1920, was the owner of a farm on which were certain buildings in the town of Gerry; that on or about the date mentioned she applied to said defendant for insurance thereon, for the term of three years; that a contract of insurance was entered into, wherein and whereby the defendant, in consideration of the sum of five dollars, paid by the plaintiff to the defendant, the said defendant agreed to and with this plaintiff to insure Barn No. 1 and Barn No. 2 upon said premises for the period of three years, in the amount of four hundred dollars upon the one and three hundred dollars upon the other, the said insurance to commence at noon upon the 17th day of June, 1920, and to expire at noon on the 17th day of June, 1923. It is then further alleged that the defendant in pursuance of that agreement issued its policy No. 12273, " but in violation of said agreement and as this plaintiff is informed, by mistake and clerical error, or if not by mistake on the part of said defendant, then the said defendant through its officers and agents, intending to cheat and defraud this plaintiff, said policy was dated several weeks ahead of the date on which it was issued and did assume to be issued the 2nd day of July, 1920, and did assume to extend to the 2nd day of July, 1923," and that " plaintiff had no knowledge of said mistake or fraud and that said dates were placed in said policy and permitted to remain there and said policy accepted and permitted to continue in the form in which it was drawn, all by the mistake of this plaintiff and contrary to the express agreement therefor orally made." It is then alleged that on or about the 30th day of June, 1920, the barns above mentioned were destroyed by fire, and that plaintiff's loss was in excess of $700; that " promptly thereafter plaintiff did give notice of said loss and did promptly and duly

furnish the defendant with proof of said loss, which proof was accepted and retained by defendant, and plaintiff has otherwise duly performed all the conditions of said policy and agreement on her part to be performed;'' that more than ninety days have elapsed since the furnishing of said proof of loss and no part of said loss has been paid, and that there is due and owing the plaintiff from the defendant insurance company the sum of seven hundred dollars, with interest from October 1, 1920.  The demand for judgment is that the policy be reformed '' to conform to the intention of the parties thereto, in that the term during which said insurance is in force be stated to be from June 17th, 1920, at noon, to June 17, 1923, at noon,'' and that plaintiff have judgment for the amount of the loss occurring on the 30th day of June, 1920.

The answer of the defendant puts in issue the alleged mistake in the date of the policy, or of intended fraud, and the evidence of the plaintiff clearly fails to establish that there was any agreement as to the exact term for which the policy was to be issued.  The plaintiff herself testifies that she had nothing to do with the negotiation for the policy; that her husband did all the business, and the husband testified on direct examination that a few days before the 17th day of June, 1920, he had a conversation with Frank H. Oaks, agent for the defendant, apparently for the purpose of soliciting insurance risks, in which the witness told Mr. Oaks that one Gilberts had a mortgage upon the premises, and that Gilberts had asked the witness to have some insurance placed upon the property, as a previous policy had run out; that Oaks promised the witness that '' the first time I get up that way in a day or two I will look at it.''  He says this was the substance of the conversation; that subsequently and a

day or two later he saw Mr. Oaks, that the latter showed him a plot of the premises and suggested $1,400 as the amount of insurance to be placed upon the two barns involved in this litigation, and that upon a subsequent Sunday, the date of which he does not remember, he received two insurance policies upon the property, one-half of the $1,400 being the policy in suit and another for a like amount in another company. The witness was then asked if anything was said by either of you as to the time when the insurance should be written, and he replied, after an objection was overruled that the matter was not within the pleadings and not binding on the defendant, that it was " right away." He further testified that there was no talk about dating one of the policies ahead, and that he did not know of the dating of the policy in suit as of July 2, 1920, until after the fire.

The above constitutes the substance of the direct testimony as to the alleged error in the date of the policy or the intended fraud of the defendant. Upon cross examination the witness said, in reference to his original talk with Mr. Oaks in regard to the insurance, that " Mr. Gilberts had written to me and said that the policy which he had on the buildings would run out and wanted me to get out some more insurance right away," which is quite different from the direct testimony, and in no wise tends to show that there was any agreement that the policy in suit should " commence at noon upon the 17th day of June, 1920, and to expire at noon on the 17th day of June, 1923," which was the material fact pleaded and fairly put in issue by the answer. All that the evidence fairly shows is that the plaintiff's husband asked the defendant's agent for some insurance, because the mortgagee had told him the other policies " would run out " and that he (the mortgagee) wanted some new policies

right away. " Parties go to court to try the issues made by the pleadings, and courts have no right impromptu to make new issues for them, on the trial, to their surprise or prejudice, or found judgments on grounds not put in issue, and distinctly and fairly litigated." *McNeil* v. *Cobb*, 186 App. Div. 177, 182, and authorities there cited. The issue of mistake or fraud depended upon whether there was an agreement that this policy should cover the period between the 17th day of June, 1920, and the date of the fire; the complaint alleges that there was an agreement that the insurance was to " commence at noon upon the 17th day of June, 1920, and to expire at noon on the 17th day of June, 1923," and the evidence fails entirely to establish any such agreement. There is no evidence that Mr. Oaks did anything to prevent the plaintiff from knowing the contents of the policy; she concededly had it in her possession for a period of about one week, and it was then delivered to the mortgagee, who had expressed the desire to have such policy written, and who appears to have had a substantial interest in having the policy right, but no one found fault with it until after the loss had occurred. Mr. Oaks testified that he caused the policy to be written as it appears in evidence because it would result in saving the insured one assessment under the rules of the company, and there is nothing to dispute this testimony. The plaintiff got what she paid for; there was no mutual mistake, such as is necessary in the reformation of written instruments in the absence of fraud (*Salomon* v. *North British & M. Ins. Co.*, 215 N. Y. 214, 219), and the plaintiff having failed to establish that the agreement was such as is pleaded, there can be no recovery. Fraud must be proved; it is never presumed, and where the plaintiff has received all that she has paid for, and there is no evidence to support

the alleged agreement, or to show any purpose on the part of the defendant to deceive or mislead, it would be without the power of a court of equity to re-write an agreement which the parties have never made. *Salomon* v. *North British & M. Ins. Co., supra.*

If there could be any question about the propriety of this decision, the fact that the plaintiff has pleaded full performance of the conditions of the policy, and has failed to establish performance, would be equally fatal to the cause of action asserted. The policy in evidence provides that " If fire occur the insured shall give immediate notice of any loss thereby in writing to this company. * * * and within sixty days after the fire, unless such time is extended in writing by this company, shall render a statement to this company, signed and sworn to by said insured, stating the knowledge and belief of the insured as to the time and origin of the fire; the interest of the insured and all others in the property," etc. It is conceded that there was no notice of the fire given to the defendant until a certain letter by plaintiff's attorneys upon the 26th day of July, 1920, and that there were no formal proofs tendered until the seventeenth day of September; seventy-nine days after the fire, and there is no suggestion that the defendant had extended the time in writing as required by the policy, or that it had taken any action which justified the plaintiff in assuming that there was an intention of waiving this requirement of the contract. The policy upon which the plaintiff's cause of action is based provides that it " is made and accepted subject to the foregoing stipulations and conditions, and to the following stipulations and conditions printed on the back thereof, which are hereby specifically referred to and made a part of this policy, * * * and no officer, agent or other representative of this company shall have power to

waive any provision or condition of this policy except
such as by the terms of this policy may be subject of
agreement endorsed thereon or added thereto; and as
to such provisions and conditions no officer, agent or
representative shall have such power or be deemed or
held to have waived such provisions or conditions
unless such waiver, if any, shall be written upon or
attached hereto, nor shall any privilege or permission
affecting the insurance under this policy exist or be
claimed by the insured unless so written or attached.''
These conditions cannot be enlarged or changed
because the plaintiff testifies that she did not read
them; they are a part of the policy, sanctioned by the
laws of this state, and constitute a condition precedent
to the right of recovery. The plaintiff in accepting the
policy agreed to its lawful terms, one of which required
a statement under oath as to the origin of the fire,
etc., within a period of sixty days, and if the plaintiff
expected to show a waiver of performance of this con-
dition by the insurer she was bound to plead such
waiver. *Williams* v. *Fire Association of Philadelphia,*
119 App. Div. 573, 575, and authorities there cited.
She could not allege due performance of the provisions
of the policy, and, when this is denied, change front
on the trial, conceding her averment is untrue and
establish facts excusing the performance. If the plain-
tiff relies upon a waiver he should apprise the defend-
ant in his complaint of his position. *Williams* v. *Fire
Association of Philadelphia, supra.* It is well settled
that under an allegation of full and complete perform-
ance, evidence of a waiver of performance of either
covenants or conditions is inadmissible. *Hoffman* v.
*Metropolitan Life Ins. Co.,* 135 App. Div. 739; *Kelley*
v. *St. Michael's Roman Catholic Church,* 148 App. Div.
767, 773, and authorities there cited. It is likewise
beyond the province of the court to amend the plead-

ings to conform to the proofs, where the evidence is received over the objection and exception of the opposite party, and such evidence is open to the objections urged. Beyond this, however, is the rule that where the evidence of the plaintiff, upon which the judgment must rest, if at all, is not within the issues framed by the parties, such evidence, though it may have been received without objection, must be disregarded on the hearing, and a decree founded on evidence of that character will be reversed. The rule is explicit and absolute, that a party must recover in chancery according to the case made in his bill, or not at all; *secundum allegata,* as well as *probata. McNeil* v. *Cobb,* 186 App. Div. 177, 181, and authorities there cited. " This is not a case where the pleadings can after the trial be conformed to the proof, as such an amendment would change substantially the *claim of the plaintiff as alleged* " (*McNeil* v. *Cobb, supra,* p. 182, and authority there cited), and would deprive the defendant of the protection for which it had stipulated in its contract with the plaintiff. The parties to a contract may prescribe that the performance of any requirement is a prerequisite to a recovery, and, in that event, due performance must be alleged in the complaint or adequate excuse for failure be averred. The time when an action may be brought may as well be regulated by the parties as any other condition contained in their agreement. Code Civ. Pro., § 414, subd. 1; *Williams* v. *Fire Association of Philadelphia, supra,* 575.

In the companion case of *Gilbert* v. *Knapp* (including the Protective Co-Operative Fire Insurance Company), tried in connection with the above case, it is conceded that there was a valid policy in existence at the time of the fire; that the plaintiff, Milo O. Gilbert, filed proofs of loss sufficient to protect his interests as mortgagee, and that, in so far as he is concerned, he

is entitled to recover so much as may be necessary to pay any deficiency existing after the sale of the mortgaged premises. It is urged, however, that the defendant Edna M. Anderson (plaintiff in the prior case) has no right to recover any part of the insurance policy issued by the Protective Co-Operative Life Insurance Company, because she has failed and neglected to file proofs of loss within the time specified in the contract of insurance. This contention seems entirely justified under the facts as they appear in the record, and a decree may be prepared in harmony with this discussion.

An interesting brief has been filed in behalf of Silas T. Crocker, owner of a judgment against Morris E. Towne, who was the owner of the premises formerly owned by Edna M. Anderson, at the time of the commencement of this action, last above considered. Of the claim therein urged it may be said that the insurance policy was payable to the plaintiff Milo O. Gilbert " as his mortgage interest may appear," and as we have held that Edna M. Anderson was not entitled to recover anything as against the insurance company, it would seem to follow that Morris E. Towne had no rights in the insurance moneys, and that nothing passed to Silas T. Crocker by the assignment of the judgment against Mr. Towne by Sarah J. Wright, in so far as the insurance in question is concerned. Milo O. Gilbert's interest in the insurance moneys was preserved by his filing of proofs of claim, but this did not extend beyond what was necessary to preserve his mortgage interest in the entire property as it stood before the fire, and the insurance company owes nothing beyond his interest in excess of the sum realized on the sale of the property.

Costs should be allowed the Fidelity Co-Operative Fire Insurance Company against Edna M. Anderson,

Surrogate's Court, Bronx County, October, 1921.   [Vol. 116.

and against the Protective Co-Operative Fire Insurance Company in favor of the plaintiff Gilbert. No costs should be allowed to Edna M. Anderson, nor to the remaining defendants, who appear to have no real interest in the controversy.

Judgment accordingly.