WILLIAM STEWART, as Trustee in the Matter of HENRY SUL-
GER, a Bankrupt, Respondent, *v.* HENRY SULGER and ELLA
L. SULGER, Appellants.

Third Department, November 15, 1916.

Bankruptcy — action against grantee of bankrupt tried for conversion
— judgment cannot be rendered as upon fraudulent conveyance —
amendment at trial changing nature of action.

Where a trustee in bankruptcy sues the bankrupt and his wife, to whom
he had transferred a hotel business in which he had formerly engaged,
under a complaint which states that the transfer was fraudulent as to
creditors, was known to the defendants to be so, and that the wife,
having in turn sold the hotel business, refused to deliver the considera-
tion to the plaintiff as demanded, and the case is tried on the theory
that the defendants were liable for conversion, which action did not lie,
it was error for the court to direct a verdict for the plaintiff based upon
the theory that the action was brought to set aside a fraudulent trans-
fer. This, because the case being tried as one for conversion, the defend-
ant did not have the opportunity to present evidence showing that the
transfer was not in fraud of creditors.

The defendant had a right to refrain from putting in evidence which
would have been proper had she been sued in equity and to treat the
complaint as construed by the plaintiff's counsel.

Although the Code of Civil Procedure allows the pleadings to be amended
at trial *nunc pro tunc* so as to show the questions actually litigated and
decided, it does not authorize an amendment by the court which makes
new issues at trial to the surprise and prejudice of parties. The judg-
ment rendered must be *secundum allegata et probata.*

COCHRANE, J., dissented.

APPEAL by the defendants, Henry Sulger and another, from
a judgment of the Supreme Court in favor of the plaintiff,
entered in the office of the clerk of the county of Broome on the
24th day of June, 1915, upon the verdict of a jury rendered by
direction of the court, and also from an order entered in said
clerk's office on the 31st day of December, 1915, denying
defendants' motion for a new trial made upon the minutes.

*McManus & Buckley* [*John T. Buckley* of counsel], for the
appellants.

*Seybolt & Seybolt* [*Alva Seybolt* of counsel], for the
respondent.

WOODWARD, J.:

The complaint in this action, after alleging the formal matters necessary to an action by a trustee in bankruptcy, alleges that prior to the 1st day of October, 1913, the defendant Henry Sulger was the owner and in possession of a hotel business, and also the owner and in possession of all the furniture, equipment, bar, stock of wines and liquors, and good will, known as the Brunswick Hotel in the city of Oneonta, and was actively engaged in the conduct of said business; "that on or about October 1st, 1913 as hereinafter alleged, the defendant Henry Sulger intending to hinder, delay and defraud his creditors, executed and delivered to his wife, the defendant Ella L. Sulger, a bill of sale of said hotel business which included said furniture, equipment, bar, stock, good will and all its appurtenances without any valid consideration therefor. That notwithstanding said transfer to said Ella L. Sulger, the said Henry Sulger, without giving notice to his creditors or without making the same known to the public generally, continued the management of said business in his own name. That on or about April 1st, 1914, the defendant Ella L. Sulger intending to hinder, delay and defraud the creditors of said Henry Sulger, assuming to be the owner of said hotel business and property hereinbefore mentioned, sold and transferred said hotel business, furniture, equipment, bar, stock of wines and liquors, good will and appurtenances to one Dell Kohn for the sum of about five thousand ($5,000) dollars, which amount, or a large part thereof, she now withholds and unlawfully refuses to deliver to this plaintiff as such trustee. That a demand therefor has been made by the plaintiff upon said defendant Ella L. Sulger."

The complaint then alleges that this transfer was made without giving the notice required by section 44 of the Personal Property Law (Consol. Laws, chap. 41; Laws of 1909, chap. 45),* which obviously has no relation to the kind of a transfer proved in this case of certain furniture and fixtures of a hotel, with a half interest in an automobile, and then sets forth that "at the time of the transfer of said hotel property to the defendant

---

* Since amd. by Laws of 1914, chap. 507.—[REP.

Ella L. Sulger by the defendant Henry Sulger, he was largely indebted to many creditors," naming some of them, and that "the schedules filed by said bankrupt contained names of several other creditors to whom he was indebted at the time of the execution and delivery of said bill of sale of said hotel property to the defendant Ella L. Sulger."

The complaint closes with an allegation that "the transfer of said hotel business, furniture, equipment, bar, stock of wines and liquors, and good will was fraudulent as to the creditors of Henry Sulger and was known to the defendant Ella Sulger to be false and fraudulent and said transfer was intended by said defendants to hinder, delay and defraud the creditors of the said Henry Sulger and the defendant Ella Sulger at the time of the transfer aforesaid knew that the said Henry Sulger was indebted to various persons and she knew that by reason of said transfer, said Henry Sulger would be without property or means of paying the same."

While there appears to have been some confusion in the mind of the pleader as to the particular cause of action to be set forth, there can be no reasonable doubt that he contemplated an action in conversion; he seems to have thought that by alleging fraud, and demanding the return of the avails of the alleged fraudulent transfer, he had stated a cause of action for conversion, and he so stated to the jury in opening the case, and the trial and judgment proceeded upon this theory, a verdict having been directed by the court. This appears to have continued as the status of the case until the learned trial justice, in denying a motion for a new trial, discovered that the plaintiff's counsel did not know the theory of his case, and attempted to justify the judgment upon the theory of fraud, citing *Murtha* v. *Curley* (90 N. Y. 372). There was no offer on the part of the plaintiff to amend the complaint to conform to the proofs offered in evidence, and the record as it now appears in this court shows a recovery against both of these defendants as for a conversion, and it is the contention of the defendants that they were prevented putting in their case upon the alleged issue of fraudulent transfer because of the language of the complaint and the opening declaration of plaintiff's attorney that this was an action in conversion. Satisfied that

the action in conversion would not lie, defendants declined to put in evidence in their own behalf, and we are of the opinion that they have a right to have the judgment considered from the standpoint of the pleadings as construed by the plaintiff's counsel. The whole scope of the provisions of the Code of Civil Procedure permitting immaterial variances to be disregarded implies that all the material allegations of the plaintiff or defendant shall be spread upon the record, "shall be actually inserted in the pleadings, and when variances are disregarded, it is upon the principle that they may be amended *nunc pro tunc* at the trial, and the court will so order to perfect the record so that it shall show the question really litigated and decided. The principle still remains that the judgment to be rendered by any court must be *secundum allegata et probata;* and this rule cannot be departed from without inextricable confusion and uncertainty and mischief in the administration of justice. Parties go to court to try the issues made by the pleadings, and courts have no right impromptu to make new issues for them, on the trial, to their surprise or prejudice, or found judgments on grounds not put in issue, and distinctly and fairly litigated." (*Wright* v. *Delafield,* 25 N. Y. 266, 270; *O'Hehir* v. *Central New England R. Co.,* 152 App. Div. 677, 681; *Gordon* v. *Ellenville & Kingston R. R. Co.,* 195 N. Y. 137, 139, 141.)

The law is well settled that upon appeal the case is to be considered from the standpoint of the theory upon which it is tried (*Gordon* v. *Ellenville & Kingston R. R. Co.,* 195 N. Y. 137, 141), and when this case is viewed in that light it constituted purely an action for conversion. The complaint alleged that Henry Sulger was the owner of the property at the time of the transfer. He, therefore, had a perfect right to convey the same to his wife, subject to the equitable rights of creditors. As between themselves all of the title passed out of Henry Sulger at the time of the transfer, and an action at law as for conversion certainly would not lie against him because his grantee refused to deliver the proceeds of the property to a trustee in bankruptcy. She owned the property, subject only to the equitable rights of the creditors of the grantor, and these rights depended upon equitable considerations which

were not litigated in this action, and it is doubtful if the pleadings were sufficient to bring such an issue before the court. Certain it is that no such issue was litigated, and the judgment based upon the theory of conversion cannot be permitted to stand. Upon a new trial the parties may be able to show that the transfer was not fraudulent, and we think they should not be denied this right because of the error on the part of plaintiff's counsel in tendering an issue upon which he obviously had no right to recover. This is practically conceded, except that it is urged that the issue of fraud is in some manner sustained; but the plaintiff is not to be permitted to prevail upon such a perversion of the pleadings and the distinct theory on which he proceeded.

The judgment and order appealed from should be reversed and a new trial granted, with costs to the appellants to abide the event.

All concurred, KELLOGG, P. J., in result, except COCHRANE, J., who dissented.

Judgment and order reversed and new trial granted, with costs to appellants to abide event.