ALICE BYRNE, Appellant, v. JOHN T. BYRNE et al.

Division One, July 11, 1921.

1. **WILL: Annulment: Rights of Legatees.** When a will is finally set aside by the judgment of the Supreme Court, all rights of the legatees under the will cease, and their rights to the property devised by it must be determined as if the testator had died intestate, except as to such prima-facie rights as they acquired by the formal probate of the will in the first instance in the probate court.

Byrne v. Byrne.

2.  ———: ———: **Unassigned Widow's Dower: Quarantine.** Upon the annulment of the will of a householder, his widow, to whom dower was never assigned, was entitled, as her quarantine, to the possession of the mansion house and the messuages thereto belonging during her life, and to all rents and profits thereof, as if no will had existed. And where the home place consisted of 210 acres, of which ninety acres was devised to a son and the balance to the widow for life, the widow, upon the annulment of the will, was entitled to the possession of said ninety acres, as well as to the balance of the homestead, and during her life, no dower having been assigned, none of the testator's heirs had any legal claim to the rents or profits thereof.

3.  ———: ———: ———: ———: **Will Obtained By Widow's Undue Influence.** Although the appellate court sustained the verdict of the jury setting aside the will on the ground that it was the result of undue influence exercised by the widow upon the testator, she cannot be deprived of her dower and quarantine in the home place, for when the will was annulled the result was that the testator died without a will and intestate, and his heirs and widow were restored to their rights at law, and among the rights regained by the widow was her right to dower and quarantine.

4.  **EQUITABLE PARTITION: Improvements Made by Cotenant: Limitations.** An allowance to one tenant in common of the value of improvements made by him upon land brought into equitable partition is to be based upon the conditional and reciprocal right of the other cotenants, is not recognized at law at all but only in equity, and is governed wholly by equitable considerations, among them the maxim that he who seeks equity must do equity. The cotenant out of possession, who has received no benefit of the common estate, is entitled to offset or credit the rental value of his interest against the allowance for improvements made and taxes paid by the cotenant in possession, especially where the latter has received the rents and profits to the exclusion of his cotenants; and neither the claim for improvements nor the claim for rent is barred by the Statute of Limitations, nor does the question of limitations enter into the adjustment.

5.  ———: ———: ———: **Excess of Rents.** Rents barred by the statute in an ejectment suit can only be used as a shield and not as a sword in chancery partition; only an equal amount of rental value can be allowed a co-tenant out of possession against an allowance for improvements made by a cotenant in possession, and not the excess of rents over the value of the improvements.

6.  ———: **Improvements Made Pending Will Contest.** In an equitable partition, the devisee named in a will, annulled after being pro-

bated, should be allowed for improvements made by him in good faith pending the will contest.

7. ———: Cotenant Out of Possession: Rents Claimable: Improvements. In equitable partition the cotenant out of possession is entitled to only the rental value of his interest in the land as the land would have been without improvements made thereon in good faith by the cotenant in possession.

8. ———: ———: Interest on Rents Claimable: Demand. Where no wrong is committed in acquiring or retaining money a demand therefor is necessary in order that interest may be charged thereon, and interest can be collected only from the date of the demand. The judgment of the probate court admitting a will to probate is binding upon all the world until set aside by a suit to contest the will; and where such suit was instituted by a cotenant out of possession against a devisee of land named in the will and the will was set aside, but no demand for rents and profits was made in her petition, and she at no time pending that suit applied for a receiver or administrator *pendente lite*, or otherwise made a demand for her share of the rents, she is not entitled to interest on the rental value of her proportionate share of the land prior to the time she instituted her suit for equitable partition, but only from the date such partition suit was instituted.

9. ———: Personal Property: After Final Settlement. Where the will, duly probated, is set aside in a contest proceeding, the personal property distributed among the legatees in accordance with the direction of the will and the orders of the probate court, should be brought into hotchpot in an equitable partition, and each heir given his proportionate share thereof, as if there had been no will, and the amounts distributed to the favored legatees should be considered as advancements, which means that no interest is to be charged thereon. But where the testator's widow has died, the amount of money distributed to her, in accordance with the will, at and prior to the final settlement in the probate court, should not be brought into hotchpot.

10. ———: ———: Effect of Final Settlement. A final settlement made in the probate court in accordance with the directions of a will, duly probated, does not, when the will is annulled in a contest proceeding, bar an inquiry into the rights of the cotenants, in an equitable partition, to the personal property distributed in accordance with such final settlement; for it was made subject to be set aside and annulled in case of a successful contest of the will, and the will being set aside the amount of money, shown by said final settlement to have been distributed to the legatees, must be brought

into hotchpot, as advancements to them, and distributed among the heirs as if the testator had died intestate.

11. ———: Waste: Homestead. In the equitable partition no allowance should be made against a cotenant who cut and sold cedar timber from the homestead, in which the widow had quarantine and no assignment of dower had been made therein, the evidence showing that she received the money for which the timber was sold and that the cotenant simply acted as her agent in cutting and selling it.

12. ———: Taxes. While cotenants who took possession of estate lands devised to them by their father's will, subsequently annulled in a contest proceeding, should, in an equitable partition, be charged with rents during the time they were in possession and up to the time of the partition sale, if they continue in possession up to said sale, they should be credited with any taxes they have paid or may pay prior to such sale.

Appeal from Ste. Genevieve Circuit Court.—*Hon. Peter H. Huck,* Judge.

REVERSED AND REMANDED (*in part*); AFFIRMED (*in part*).

*John S. Marsalek, P. H. Cullen* and *Albert Miller* for appellant.

(1) The pendency of the suit to contest the will of Patrick Byrne, Sr., was and is sufficient to prevent the running of the Statute of Limitations against the claim of his grandchild, Alice Byrne. Tapley v. McPike, 50 Mo. 592; Johnson v. Brewn, 210 S. W. 55; Jourden v. Meier, 31 Mo. 44; R. S. 1919, sec. 2005; Spratt v. Lawson, 176 Mo. 182; Snell v. Harrison, 131 Mo. 503; Hall v. French, 165 Mo. 442; Norton v. Reed, 253 Mo. 236, 161 S. W. 842; Estes v. Nell, 140 Mo. 639; De Both v. Coal Min. Co., 141 Mo. 497; Sanford v. Herron, 161 Mo. 176, 84 Am. St. 703; 2 Wood on Limitations (4 Ed.), sec 253; 17 R. C. L sec. 228; Hutchinson v. Hutchinson, 92 Kan. 518, 141 Pac. 589, 52 L. R. A. (N. S.) 1165 and

note; Harvey v. Pflug, 37 La. Ann. 904; 25 Cyc. 1278; Backus v. Burke, 65 N. W. 459; Snouffer v. City of Tipton, 142 N. W. 97; Klumpp v. Thomas, 162 Fed. 853, 89 C. C. A. 543; King v. Pomeroy, 121 Fed. 287, 58 C. C. A. 209; Harrison v. Scott, 77 Kan. 637, 95 Pac. 1045; Walterscheid v. Bowdish, 77 Kan. 665, 96 Pac. 56; Steffins v. Gurney, 61 Kan. 292, 59 Pac. 725; City of Hutchinson v. Hutchinson, 92 Kan. 518, 141 Pac. 589; St. Paul Ry. Co. v. Olson, 87 Minn. 117, 91 N. W. 294, 94 Am. St. 693; Downer v. Union Land Co., 103 Minn. 392, 115 N. W. 207. (2) In partition proceedings the court has jurisdiction and authority to take an accounting of rents accrued and debts due the estate of the ancestor, and may consider any defense, whether legal or equitable. Rozier v. Griffith, 31 Mo. 171; Budde v. Rebenack, 137 Mo. 179; Chamber v. Waples, 193 Mo. 96; Green v. Walker, 99 Mo. 68. (3) Where a co-tenant has been ousted and his right to the possession of the premises denied, the ousting co-tenants are liable for the rents and profits. Gage v. Gage, 28 L. R. A. 832, note; Schuster v. Schuster, 29 L. R. A. (N. S.) 228, note; Doerner v. Doerner, 161 Mo. 407; Goodenow v. Ewer, 16 Cal. 461; Scantlin v. Allison, 32 Kan. 376; Bowles v. Bowles, 80 Ky. 529; Real Estate Savings Inst. v. Collonious, 63 Mo. 290; Holloway v. Holloway, 97 Mo. 640; Coberly v. Coberly, 189 Mo. 2; 38 Cyc. 63, 66; Bates v. Hamilton, 144 Mo. 1, 13; Sears v. Sallow, 28 Iowa, 501; 17 Am. & Eng. Enc. Law (2 Ed.), 694; Starks v. Kirchgraber, 134 Mo. App. 214; 7 R. C. L. 828; 18 Ann. Cases, 1086, note; Tyler v. Cartwright, 40 Mo. App. 384; Childs v. Railroad, 117 Mo. 435; 1 C. J. 625; Hack v. Norris, 46 Mich. 587, 10 N. W. 104; Roosevelt v. Post, 1 Edw. (N. Y.) 579; Dormer v. Fortescue, 3 Atk. 124, 26 Reprint, 875; Doane v. Wade, 1 Ch. Rep. 48, 21 Reprint, 504; Hicks v. Sallitt, 3 De G. M. & G. 782, 52 Eng. Ch. 609, 43 Reprint, 307; Blackwood v. Gregg, Hayes & J. 310; Bolton v. Doane, Pree. Ch. 516, 24 Reprint, 231. (4) In such cases the co-tenant so taking possession of the entire property must

answer for the value of the use and occupation, regardless of the actual income received. 18 Ann. Cases, 1086, note; 7 R. C. L. 828; 7 R. C. L. 835; White v. Stuart, 76 Va. 546, 567; L. R. A. 1918-B, 607, note; Dunbar v. Dunbar, 163 S. W. 1159; Brown v. Brown, 209 Mass. 388, 395; Adams v. Bristol, 111 N. Y. S. 231; Phoenix Land Co. v. Exall, 159 S. W. (Tex. Civ. App.) 474. (5) In a partition proceeding the court is authorized to take into account any property which the other joint owners received from the co-ancestor, whether this property is real or personal, and to charge the party so receiving it with its full value. Ayres v. King, 168 Mo. 244; Traders Bank v. Dennis Estate, 221 S. W. 796; Trabue v. Henderson, 180 Mo. 616; Wright v. Green, 239 Mo. 449; Wilson v. Charmel, 102 Kan. 793, 1 A. L. R. 987, and note, pp. 991 to 1047; Boothe v. Cheek, 253 Mo. 131; State ex rel. v. Guinotte, 156 Mo. 519; Hughes v. Burriss, 85 Mo. 660; Carson v. Suggetts, 34 Mo. 365; Warren v. Ry. Conductors of America, 199 Mo. App. 209. (6) Interest is allowed on rents found due from one co-tenant to another, where the withholding is wrongful, as where the tenant holds adversely. Bates v. Hamilton, 144 Mo. 1; Schuster v. Schuster, 29 L. R. A. (N. S.) 233, note; Gage v. Gage, 28 L. R. A. 853, note; 38 Cyc. 71; Real Estate Inst. v. Collonious, 63 Mo. 290; Johnson v. Pelot, 24 S. C. 254, 58 Am. Rep. 253; 1 Story, Eq. Jur. sec. 655; Thurston v. Dickinson, 2 Rich. Eq. 317, 46 Am. Dec. 56; Dellet v. Whitner, Chev. Eq. 223; Hancock v. Day, McMull Eq. 69, 36 Am. Dec. 293; Hall v. Boatwright, 58 S. C. 544; Carson v. Broady, 56 Nebr. 648; Jefferson City Savings Assn. v. Morrison, 48 Mo. 274; 22 Syc. 1551; 1 Sutherland on Damages (4 Ed.), sec. 352; Early v. Friend, 16 Gratt, 21, 78 Am. Dec. 664; Lowndes v. City Nat. Bank, 82 Conn. 8, 22 L. R. A. (N. S.) 408; Jones v. Williams, 2 Call. 85; Dow v. Adams, 5 Munf. 21; Nuckit v. Lawrence, 5 Rand, 571; Currier v. Kretzinger, 162 Ill. 511, 58 Ill. App. 288; Leete v. Pacific M. & M. Co., 89 Fed. 480; Starks v. Kirchgrab-

er, 134 Mo. App. 216; Tarleton v. Goldthwaite's Heirs, 58 Am. Dec. (Ala.) 302; Whitworth v. Hart, 22 Ala. 343; Van Ormer v. Harley, 102 Iowa, 150, 71 N. W. 241; Myers v. Bolton, 157 N. Y. 393; Armijo v. Neher, 11 N. M. 645, 72 Pac. 12; Sieger v. Sieger, 209 Pa. 65; Watts v. Watts, 104 Va. 269.   (7)   A co-tenant cannot recover for improvements made on the common property when not made in good faith, or while the title to the property was in litigation.   Turner v. Edmonston, 210 Mo. 413; Buford v. Packet Co., 3 Mo. App. 159; Bailey v. Wenn, 113 Mo. 155; Dodd v. Lee, 57 Mo. App. 167.   (8) To permit the sons of Patrick Byrne to allege that their mother held the home place under quarantine rights of a widow is to permit them to assume inconsistent positions with reference to the same subject-matter heretofore litigated, and they are debarred and estopped from so doing.   Lilly v. Menke, 143 Mo. 144; Lilly v. Menke, 126 Mo. 190; Catholic Church v. Tobbein, 82 Mo. 418; Lilly v. Tobbein, 103 Mo. 477; McClanahan v. West, 100 Mo. 322; Benseick v. Cook, 110 Mo. 182; Mining Co. v. Casualty Co., 161 Mo. App. 200; State v. Baker, 262 Mo. 698; St. Louis v. United Rys. 263 Mo. 427; Bigelow on Estoppel (5 Ed.), 673, 717; Brown v. Bowen, 90 Mo. 184; Smiley v. Cockrell, 92 Mo. 105; Knoop v. Kelsey, 102 Mo. 291; Tower v. Moore, 52 Mo. 118; Chouteau v. Gibson, 76 Mo. 38; McGuire v. Nugent, 103 Mo. 161; Hill's Admr. v. Huckabee's Admr., 70 Ala. 183; Railroad v. Howard, 13 How. (U. S.) 337; Caldwell v. Smith, 77 Ala. 157; 10 R. C. L. sec. 20, p. 691, sec. 26, p. 698, sec. 29, p. 702; Scanlon v. Walshe, 81 Md. 118; Norfolk Ry. Co. v. Turnpike Co., 111 Va. 131, Ann. Cas. 1912A, 239; R. S. 1909, sec. 360; 9 R. C. L. sec. 43, p. 601.   (9)   After the lapse of ten years, the widow's right to dower is forever barred, and she may waive her dower rights orally.   R. S. 1909, sec. 391; Casteel v. Potter, 176 Mo. 76; R. S. 1909, secs. 114, 115; Johns v. Fenton, 88 Mo. 64; 14 Cyc. 774; Lenfers v. Henke, 73 Ill. 405, 24 Am. Dec. 268; Pearce v. Pearce, 184 Ill. 289; Sill v. Sill, 185 Ill. 594.

*Clyde Williams* and *John H. Reppy* for respondents.

(1)   Tenant in common who makes improvements upon premises and pays taxes is entitled to compensation. 30 Cyc. 233; Armor v. Frey, 253 Mo. 447; Gunn v. Thurston, 130 Mo. 344; Holloway v. Holloway, 97 Mo. 639; Green v. Walker, 99 Mo. 72; Grogan v. Grogan, 177 S. W. 649.   (2)   The measure of the allowance is the increased value of premises by reason of the improvements.. Armor v. Frey, 253 Mo. 477.   (3)   Rents and profits cannot be increased by reason of improvements placed on premises by the tenant. 30 Cyc. 234; Worthington v. Hiss, 16 Atl. (Md.) 534; Johnson v. Pelot, 24 S. C. 255; Rice v. Freeland, 12 Cush. (Mass.) 170; 22 Cyc. 6; Armor v. Frey, 253 Mo. 479.   (4)   Action for an accounting for rents and profits received barred in five years.   Stark v. Kirchgraber, 134 Mo. App. 218, 180 Mo. 633; Names v. Names, 67 N. W. (Neb.) 754; Sommers v. Bennett, 69 S. E. (W. Va.) 696; Lilly v. Menke, 126 Mo. 190.   (5)   Widow may occupy and use the home farm or plantation without being liable to pay rent for same and this right continues until dower is assigned.  Gentry v. Gentry, 122 Mo. 202; Phillips v. Presson, 172 Mo. 27; Carey v. West, 176 Mo. 178; Melton v. Fitch, 125 Mo. 290; Givens v. Ott, 222 Mo. 420; Roberts v. Nelson, 86 Mo. 21; Osborn v. Weldon, 146 Mo. 185; Reed v. Lowe, 163 Mo. 519; Thomas v. Black, 113 Mo. 66; Barris v. Emmons, 139 N. E. (Mich.) 872; Sec. 334, R. S. 1919; Powell v. Bowen, 279 Mo. 293; Graham v. Stafford, 171 Mo. 692. (6) The order of the probate court approving the final settlement of the estate of Patrick Byrne is a judgment which remains in full force and effect until set aside by proper proceeding, and an action for that purpose cannot be brought now because barred by the Statutes of Limitations.   Van Bibber v. Julian, 81 Mo. 627; Smith v. Hauger, 150 Mo. 437; Patterson v. Booth, 103 Mo. 417; State ex rel. v. Carroll, 101 Mo. App. 113. (7)   Interest cannot be allowed on

rents and profits of bequests. Sec. 7179, R. S. 1909; Coombes v. Knowlson, 193 Mo. App. 560; Ry. Co. v. Knapp-Stout & Co., 160 Mo. 417; Nelson v. Hirsch & Sons Co., 102 Mo. App. 516; Nelson v. Wynan, 21 Mo. 352; Ray v. Loper, 65 Mo. 470; Ladd v. Stephens, 147 Mo. 319.

SMALL, C.—Suit in partition in equity. Appeal from the Circuit Court of Ste. Genevieve County, to which the case was taken by change of venue from Jefferson County, where the land was located. The land belonged to Patrick Byrne, Sr., at the time of his death. He died on July 5, 1891, leaving a purported will which was admitted to probate August 8, 1891.

The respondents are the children, and the appellant, Alice Byrne, the granddaughter, the only child of his deceased son Thomas, and the parties constitute the only heirs of said Patrick Byrne, Sr. The deceased also left a widow, Rose Byrne. The appellant, Alice, was but 18 months old when her grandfather died, and on August 8, 1908, within the statutory period after her majority, brought suit to set aside her grandfather's will, making the respondents and the widow parties defendant in said will contest. There were three trials and three appeals to this court, the case being twice reversed and remanded (1st Appeal, 250 Mo. 632; 2nd Appeal, 181 S. W. 391); and the third appeal was affirmed on July 5, 1918, twenty-seven years after the death of the testator and ten years after the suit to contest the will was commenced (3rd Appeal, 204 S. W. 730).

On the day of the final affirmance by this court, the respondents, as plaintiffs, commenced a suit against the appellant to partition all of the land in question, except one tract, and on August 19, 1918, the appellant Alice Byrne, as plaintiff, filed a suit against the respondents to partition said one tract. The suits were consolidated and tried as one cause. There is no dispute in the plead-

ings between any of the parties as to the ownership of each as an heir of said Patrick Byrne, Sr., being an undivided one-eighth interest in all the land sought to be partitioned. There is no contest in the pleadings between the respondents themselves, but they all ask that they each have one-eighth interest in the land or its proceeds upon sale in partition, subject to the claims of John T., James and Patrick Byrne, for improvements and taxes.

But appellant, Alice Byrne, in her pleadings takes issue with any claim of said respondents for improvements and taxes, and asks for rents and profits on her share and interest thereon and waste committed and all relief she seeks in this appeal, including an allowance in this proceeding for her share of the personal estate left by her grandfather, which her co-tenants received under the will set aside.

The widow died on the 24th of March, 1914, and her dower was never assigned in any of the land in question.

At the time of the grandfather's death, the said lands consisted of the home place, having about two hundred and ten or two hundred and fifteen acres in cultivation, ninety acres of which he devised by his will to respondent, John T. Byrne. The evidence shows that the ninety acres devised to John T. Byrne, and the balance of the home place, which was devised to the widow for life, were occupied by the widow and her children, until her death in March, 1914.

Besides the home place, there was a tract of 160 acres separated therefrom, which by the will of the deceased was devised to Patrick Byrne, respondent.

Also another tract, devised by said will to James Byrne, respondent, on which there was an old mill and mill-site, at the time of the death of said Patrick Byrne, Sr. This tract contained 139 acres of land.

After his mother's death, respondent John T. Byrne collected the rents from the home place, amounting in all to $6,735 for the years 1914 to 1918, both inclusive.

And during that period he also paid taxes to the amount of $250, and made improvements of the value of $500, and which increased the value of the land that sum. The lower court charged him with the total rents received after his mother's death without interest thereon, and allowed him for the taxes and improvements above mentioned. It charged neither the said John T. Byrne, nor any of the respondents, with any rents or profits of the said home place, including said ninety acres willed to said John T. Byrne, during the lifetime of the mother, holding that she was entitled to possession under her right of quarantine, her dower never having been assigned. There was also evidence that in 1910 said John T. Byrne, who seemed to be the manager for some years of the farm for his mother, sold $1,650 worth of cedar timber off the home place, but the appellant's witness, who purchased it, said that, while it was good timber when he brought it, it soon would have been destroyed by insects, which infested it, had it not been cut down and removed. Furthermore, John T. Byrne testified that he personally got no benefit from the transaction, that he acted for his mother, who received the money. The lower court denied any claim against him on this item.

As to the 160 acres, or respondent Patrick Byrne's farm. He occupied it himself for fifteen years, and rented it to tenants the remainder of the time after his father's death. The evidence tended to show that he made improvements and betterments upon the land, increasing its value from $1,800 to $3,000 in the year 1895. We think about $2,250 would be a fair allowance to him for improvements, and that its rental value was doubled by these improvements. From the evidence of both parties, the rental value of the land, without the improvements, from the date of the father's death until the trial, would not be unfairly estimated as averaging $100 per annum. The total taxes he paid on the farm during the entire time was $482.

As to the 139 acres with the mill and mill-site, devised to James Byrne. He was in possession from the

time of his father's death. At the time, the mill was dilapidated and the mill-dam was out of repair. It was not fit for operation until November, 1894. He gives a detailed statement of the improvements he made with his money and labor by which he practically rebuilt the mill. He also enlarged the dwelling house and remodeled other buildings on the place; bored a well; put concrete walks and fences around the dwelling house; and cleared off eight acres of land. These improvements increased the value of the land about $6,000. His testimony was corroborated by apparently disinterested witnesses. During the entire period, he paid taxes amounting to $992. We find from the evidence that the rental value of the 139 acres, independent of the mill and other improvements, was about $150 per annum on an average for the entire time. He rented the mill at two different times, collecting $600 from one renter and $400 from the other. Some of the improvements were made on the mill in the fall or spring after the third verdict against the will, but before the final judgment of affirmance in this court, which was on July 5, 1918.

The lower court refused to charge either of the parties with the rents except for the five years preceding the institution of the suit, on the ground that they were barred by the Statute of Limitations. There were also certain legacies received by five of the cotenants under the will of said Patrick Byrne, Sr., which the lower court refused to require them to account for in this proceeding. We shall refer to this personal property, and such other details, as may be necessary in the opinion. The said Alice Byrne alone appealed to this court.

I. We think there is no doubt that after the will was finally set aside by the judgment of this court on the 5th day of July, 1918, all rights of the parties under the will ceased, and their rights must be determined as if the testator died intestate, except as to such prima-facie rights as they acquired by the formal probate of the will in the first instance in the pro-

Rights of Legatees.

bate court. [Hines v. Hines, 243 Mo. 1. c. 500; McIlwrath v. Hollander, 73 Mo. 105; Boothe v. Cheek, 253 Mo. 132-3.]

Therefore upon the annulment of the will the widow's dower, never having been assigned to her, she was entitled to the possession of the mansion house and the messuages thereto belonging during her life and to all the rents and profits thereof, as if no will had ever existed. And it appearing from the facts as found by the lower court and as found by us, that the ninety acres of the home place, devised to John T. Byrne by the will, belonged to and was connected with the home place or mansion house of the deceased, his widow was entitled to the possession of said ninety acres, as well as the remaining portion of the homestead land. Consequently, neither the appellant, Alice Byrne, the grandaughter, nor any of the other children or heirs of the deceased, had any legal claim to the rents and profits of the home place, including said ninety acres, during the life time of the widow. That was her quarantine. [Gentry v. Gentry, 122 Mo. 202; Phillips v. Presson, 172 Mo. 1. c. 27; Melton v. Fitch, 125 Mo. 1. c. 290; Givens v. Ott, 222 Mo. 1. c. 420; Roberts v. Nelson, 86 Mo. 21; and other authorities cited by respondents.]

The lower court correctly ruled on this point.

II. We have not overlooked the earnest insistence of appellant's learned counsel, that in the contest proceeding the jury found the will was the result of the undue influence of the widow and John T. Byrne, and that, therefore, the widow should not have quarantine after the will was set aside, because the existence of the will prevented the plaintiff from having dower assigned to the widow during her lifetime, and to allow her quarantine would be to permit her to profit by her own wrong. We cannot agree to this contention.

This court twice reversed and remanded the contest proceeding, and on the third appeal the verdict setting aside the will was affirmed simply on the ground that

there was evidence of undue influence. [204 S. W. 730.]
But "it was an exceedingly close case." [181 S. W. 393-4.]
However, the contest proceeding was not a proceeding
*inter partes,* as in ordinary cases, but a proceding *in rem*
(Bradford v. Blossom, 207 Mo. 228), and the verdict there-
in is, therefore, no evidence in this case as to the will
having been procured by the undue inflluence of the
widow. There is, therefore, no evidence of wrong-doing
on the part of any one in the making of said will in the
record before it. But, admitting the will was procured
by the undue influence of the widow, the position of
learned counsel is wholly untenable. By the verdict and
judgment in the contest proceeding it was conclusively
established that the testator died without any will, and
all his heirs and his widow were restored to their rights
at law. The proponents, as well as the contestants of the
will, were restored. While the proponents lost their
rights under the will, they gained their rights under the
law, as did the contestant, and among the rights regained
by the widow was her right to dower and quarantine.
The proposition that she lost both her rights under the
will and her rights under the law, too, by the setting
aside of the will, is wholly untenable. [Hines v. Hines,
243 Mo. 500, and other cases cited supra.]

III. But we think the learned court below committed
error in not allowing the appellant rents and profits on
her share, prior to, as well as during the five-year period
next before, the commencement of the partition suit, and
holding that her claim thereto was barred by the five-
year Statute of Limitations. The right to allow one
tenant in common the value of his improvements or
betterments is a conditional or reciprocal right. The
value of such improvements is not allowable at all at law,
but only in equity. It is wholly governed by equitable
considerations. The first maxim of equity is, that he who
seeks equity must do equity. Accordingly, we find it is
well settled that the cotenant out of possession, who has
received no benefit of the common estate, is entitled to

offset or credit the rental value of his interest, as against the allowance made the cotenant, who has been in exclusive possession and enjoyment of the estate, for the improvements made and taxes paid thereon. That the Statute of Limitations bars neither the claim for improve-. ments nor the claim for rent; it does not enter into the equation on either side. Especially is this so in cases like the one at bar, where the tenant in possession, although not in adverse possession, has received and held the rents and profits of the common estate to the exclusion of his cotenant. [Cain v. Cain, 53 S. C. 350; Vaughan v. Langford, 81 S. C. 282; note to 16 Am. Dec. 443; 7 R. C. L. sec. 39, p. 843; 20 R. C. L., p. 734; Coberly v. Coberly, 189 Mo. 1, L. R. A. 1915 C, 207, note; Bates v. Hamilton, 144 Mo. 1; Snell v. Harrison, 131 Mo. 495; Holloway v. Holloway, 97 Mo. 628.]

IV.   It is true, that in none of the Missouri cases above cited, or which we have been able to find, has the court had under consideration or decided, that the rents prior to the five-year period barred by the statute (Sec. 2394, R. S. 1909) from recovery in suits between cotenants, as well as strangers, in ejectment

Allowance in Ejectment. (Starks v. Kirchgraber, 134 Mo. App. 218), can be allowed in equitable suits in partition, but all our decisions are in harmony with the general principles of equity as to charges and countercharges between cotenants in such equitable proceedings. It is also true, that in Hines v. Hines, 243 Mo. 500, a case deciding several of the controverted points in this case, the court disallowed the claim for rents which the lower court had charged against one of the occupying cotenants, and cited said Section 2394 as authority therefor (bottom of page 500). But the real ground of the decision was upon the equitable principle of "reciprocity." The court said (page 500) : "Owing to the fact that none of the other parties who have received and held property under the will of Matilda A. Higgins (which had been set aside in a suit to contest it) have been charged with

rents or interest, we find it would be inequitable to charge defendant Thomas Wesley Hines with rent on the real estate in Missouri, which he received and held until the will contest was instituted.'' In that case, however, there was no claim for improvements, which distinguishes it from the case at bar. We rule, and only intend to rule, that rents or profits, prior to the statutory period of five years, which are barred by said Section 2394 in proceedings in ejectment, can only be used in equitable proceedings in partition as an offset aganst a claim for improvements and taxes paid, and not that the balance, if any, of such rents, over the value of such improvements, could be recovered or charged against the occupying cotenant. In other words, such rents so barred by the statute in ejectment suits can only be used as a shield and not as a sword in chancery suits in partition.

V. Nor do we concur in the contention that improvements made pending the proceedings to contest the will should not be considered as made in good faith, and for that reason no allowance should be made on account thereof. All the improvements in this case were made after the *ex parte* or formal probate of the will in the probate court. This vested title prima-facie in the devisees, who afterwards made the improvements which benefited the property to the amount allowed therefor. The law permitted the institution of suits to contest said will during a period of many years after it was probated. In the meantime, however, the devisees were entitled prima-facie to the possession and use of the property purported to be devised to them by said will. If the property could not be improved in good faith by such devisees, especially when they are also heirs, pending such contests or right to contest a will—which might endure twenty-seven years, as in this case—and be allowed compensation therefor, in case the will was set aside, the property might be of little value to anyone during such period and be greatly depreciated when the contest was finally determined and thus work a great injustice and

hardship to all the owners thereof. This is inequitable. We rule this point against appellant.

VI. But it has been ruled, and it is the law, that the co-tenant out of possession is only entitled to the rental value of his interest in the land, as the land would have been without *improvements* made by the cotenant in possession. [Armor v. Frey, 253 Mo. 1. c. 477-8; 30 Cyc. 234; 7 R. C. L! note 13, sec. 38, p. 843. ]

*Rents Less Improved Value.*

VII. In view of the foregoing principles, we hold, as to the 139 acres, or James Byrne farm, that he is chargeable only with the rental value of the farm independent of the mill and without the other improvements he made on said farm, which, under the evidence, we find would average $150 per annum, or $4,000 in round numbers, for the 27 years after his father's death up to the time of the trial, and at the same rate per annum since that time. That he should be allowed $7,000 for all his improvements and taxes paid by him up to the time of the trial, leaving a balance of $3,000 due him against such tract of 139 acres, on account of such improvements and taxes.

*Allowances.*

In the same manner, Patrick Byrne should account for $2,700; total rental value, without improvements, of the 160 acres occupied by him for the entire period from his father's death to the trial of this partition suit, and that he should be allowed $2,700 for his improvements made and taxes paid during that time. So that one charge offsets the other, and his account, as to said 160 acres, is balanced.

We find correct and affirm the accounting as to John T. Byrne, made and required by the lower court in its decree.

What we have said in this paragraph, refers only to the real estate, and not to the personal property left by the deceased, Patrick Byrne, Sr., which we shall notice presently.

VIII.   In the foregoing accounting, we have allowed no interest on rents and profits, which learned counsel for apellant earnestly claim should be allowed.   In this case, the occupying cotenants were not trustees *ex maleficio,* nor did they wrongfully appropriate to their own use the money of the other cotenants.

Interest.

It is well settled that where no wrong is committed in acquiring or detaining the money, a demand is necessary to charge the party with interest and its computation will begin from such demand.   [15 R. C. L. sec. 25. p. 29, and many cases cited.]

The judgment of the probate court admitting a will to probate is valid and binding on all the world until set aside by a suit to contest the will under the statute.   [Dilworth v. Rice, 48 Mo. 131-2; Banks v. Banks. 65 Mo. 432; Stowe v. Stowe, 140 Mo. 594.]

But the probate of the will is set aside and its efficacy is destroyed upon the filing of the suit to contest the will.   [Johnson v. Brewn, 210 S. W. 55; State ex rel. v. Imel, 243 Mo. 1. c. 186.]   So that prior to the institution of the suit to contest the will, the devisees occupied the property and collected and retained the rents under a prima-facie right to do so, subject to account in case the will was subsequently contested and set aside.   This did not render them liable to pay interest thereon during such period.   Neither at the time the suit to contest was filed, nor at any time before or afterwards, did plaintiff demand her share of the rents and profits.   Nor upon the filing of her suit to contest did she apply for a receiver or administrator *pendente lite,* as authorized by statute.   [Sec. 21, R. S. 1909.]   But she acquiesced in the occupying cotenants continuing to collect the rents and profits, the same as they did before, subject to the outcome of the suit to contest the will.   This was not a mere inadvertence on her part.   She had able legal advice.   The case was ''an exceedingly close case,'' as held by this Court.   It

was well enough to permit her claim for rent to rest and abide the result of the will contest, as was done. Plaintiff having thus consented to the occupying cotentants collecting and retaining the rent during the contest, they neither wrongfully received nor wrongfully retained the same during that time, and are not chargeable with interest thereon.

It is true, that in Bates v. Hamilton, 144 Mo. 1, interest on rents collected by one cotentant was allowed to the others, but in that case there was a present right to the rents when collected in each cotenant, and, in effect, a demand therefor and wrongful refusal to pay over, which is the distinguishing feature between that case, and other cases cited by appellant, and this case.

It seems to us, that the demands of equity and good conscience in this case will be satisfied, if we treat the rental value of the property as received by the occupying tenants as advancements to be brought into hotchpot, the same as the legacies collected in the Hines Case, 243 Mo. 480, supra, pending the will contest, and allow no interest thereon, as was ruled in that case.

IX. But we agree with the contention of appellant's learned counsel that the personal property of the deceased, Patrick Byrne, Sr., should also be brought into

Personal hotch-pot in this proceeding. In this regard,
Property. the case of Hines v. Hines, hereinbefore mentioned, 243 Mo. 480, is, in our judgment, decisive. In that case, the testatrix died in the State of Arkansas, leaving a will, which was duly probated in that State. She had two farms in Missouri, as well as real estate and personal property in Arkansas. A duly certified copy of her will, and the probate thereof in Arkansas, was filed in the county in Missouri where her Missouri lands were situate. The devisees and legatees in Arkansas, as well as in Missouri, took possession of the respective lands and legacies bequeathed and devised to them by the will. Afterwards the will was set aside,

in a contest instituted in this State. A partition suit was subsequently brought in this State to partition the lands in Missouri, and the court required the devisees to bring into hotch-pot and account for the value of the land and the legacies so received by them in Arkansas before they could participate as heirs in the Missouri property. The court held that they should be charged therewith as advancements.

But it may be said that, in that case, there does not appear to have been a final settlement made and approved by the probate court in the State of Arkansas, and that the final settlement made by the administrator in the case before us, pending the will contest, bars any inquiry into the rights of the cotenants to the personal property which was distributed in such final settlement. But we disallow this contention, for the reason, as we have already seen, the final judgment in the suit to contest the will declaring that the testator died intestate, restored all the heirs to their rights of inheritance under the law. Said final settlement was made and the property divided thereby on the theory that the will controlled, but it was so made subject to be set aside and annulled in case of a successful contest of the will. It could have no greater effect than a conveyance by one of the devisees of the land, before the contest was determined, or the time for instituting it had expired. In all such cases, the purchaser takes subject to having his title divested, in case of a successful contest of the will, either pending or subsequently instituted. In fact, the contest is pending from the date of the probate of the will in the probate court, and the subsequent institution of the contest proceedings in the circuit court is but an appeal from the judgment of probate in the probate court. [McIlwrath v. Hollander, 73 Mo. 105; Boothe v. Cheek, 253 Mo. 132-3; Hines v. Hines, 243 Mo. 500.]

The record shows that as devisees under said will of Patrick Byrne, Sr., the personal property was dis-

tributed as follows, by the administrator in his final settlement on August 18, 1893; To C. E. Byrne, $500; Mary J. Byrne, $1,200; Anna Byrne, $1,200; Ella Byrne, $1,200; John T. Byrne, $1,200; Rose Byrne (widow) $2,500. The five heirs named received in all $5,103.15 and each was entitled to one-eighth thereof, or $637.69, and the other heirs to the same amount.

The $2,500 or share received by the widow cannot be taken into account in this proceeding, because her estate and the interest of the different heirs or legatees therein, cannot be properly considered in this case, and the lower court was right in refusing to do so. And appellant makes no claim in her brief here on account thereof.

Consequently, in adjusting the claims of the parties against each other in this case they should each be adjudged to receive and be required to account for the personal property aforesaid on the basis that each was entitled to one-eighth thereof, or $637.69, and no more. But no interest should be charged, because in this accounting the legacies so received are considered as advancements and interest is not chargeable thereon. [Hines v. Hines, 243 Mo. l. c. 500.]

X. We disallow the claim for waste against John T. Byrne in cutting and selling the cedar timber off of the homestead land. The evidence shows the mother received the proceeds, that said John T. Byrne acted simply as agent for her in the transaction. He is consequently not accountable therefor.

Waste.

XI. In addition to charging the respondents, John T. Byrne and Patrick Byrne with rents from the time of the trial below up to the time of the sale of the property in partition, at the rate hereinbefore indicated in this opinion, they should be credited with any and all taxes which they have paid or may pay, since the time of such trial, and up to the time of such sale.

The result is, that we reverse and remand the case, with directions to the circuit court to modify and re-

enter its decree herein, so as to conform to this opinion regarding the allowance and charges, for and against each and all of the parties in this case, respondent as well as appellant, as herein determined, and to make such alterations and changes in its decree as may be necessary to carry out the order of sale of the property in partition heretofore made. In all other respects, the decree of the lower court is affimed. *Ragland, C.,* concurs; *Brown, C.,* not sitting.

PER CURIAM:—The foregoing opinion by SMALL, C., is adopted as the opinion of the court. All of the judges concur.