## In re HENNINGSEN.

(District Court, E. D. New York. June 27, 1923.)

1. **Chattel mortgages ⟨key⟩192—Delay in filing held not to invalidate mortgage.**
   Under the rule that a chattel mortgage, to be valid against creditors, must be filed within a reasonable time, a delay of six weeks before filing *held* not unreasonable, where it was understood that the mortgage should not become effective until the mortgagee had satisfied himself as to prior liens.

2. **Fraudulent conveyances ⟨key⟩47—Statute relating to mortgages on stocks of merchandise held not applicable to mortgage on restaurant.**
   Lien Law N. Y. § 230a, as added by Laws 1921, c. 462, requiring an inventory and notice to creditors before the giving of a mortgage on a stock of merchandise, *held* not applicable to a mortgage on a restaurant and the fixtures and property therein.

3. **Bankruptcy ⟨key⟩165(4)—Chattel mortgage held not voidable as preference.**
   The giving of a chattel mortgage by bankrupt, which was in effect only the substitution of new for old security, *held* not a voidable preference, because the mortgagor was in fact insolvent, where nothing appears which should have put the mortgagee on inquiry.

In Bankruptcy. In the matter of John F. Henningsen, trading as the Fountain Inn, bankrupt. On motion to confirm report of special commissioner recommending denial of motion to require trustee to turn over property to mortgagee. Report not confirmed, and motion granted.

Griffiths, Sarfaty & Content, of New York City (Charles H. Griffiths and Harold A. Content, both of New York City, of counsel), for petitioner.

Duberstein & Robbins, of New York City (Samuel C. Duberstein, of New York City, of counsel), for trustee.

GARVIN, District Judge. This is a motion to confirm the report of a special commissioner appointed to take testimony and report with respect to the validity of a chattel mortgage made to one Ueberall by the bankrupt.

Prior to November, 1920, Ueberall and the bankrupt were copartners in conducting a restaurant at Lynbrook, Nassau county. In the latter month Ueberall sold his one-half interest in the business to David Weiss, receiving therefor cash and six notes. As security for these notes Weiss executed a chattel mortgage to Ueberall covering "all the right, title, and interest of Weiss in and to the restaurant, and of all fixtures, chattels, and personal property therein, or which should thereafter be placed" in the restaurant.

In May, 1922, the bankrupt made an arrangement to purchase his partner's interest, and to have three of said notes released, and to substitute therefor three notes made by him, the bankrupt. These three notes were dated May 9, 1922, and to secure them and a Weiss note of $2,000, due October 16, 1922, the bankrupt on May 24, 1922, executed a chattel mortgage to Ueberall. This chattel mortgage was filed in Nassau county July 13, 1922.

The commissioner has found that the mortgage is invalid upon the following grounds: (1) The failure to file the same for nearly two months after its execution. (2) The failure to comply with section 230a of the Lien Law of the state of New York. (3) That the mortgage is void as it creates an unlawful preference under section 60b of the Bankruptcy Act (Comp. St. § 9644).

[1] As to the first ground, it is, of course, true, as stated by the learned commissioner, that the failure to file a mortgage within a reasonable time renders it invalid as to creditors. It is likewise true that "reasonable time must always depend upon circumstances." In this case it appears that it was the intention of the parties that the mortgage in question should only be valid and of full force and effect after the mortgagee had made a search to see whether the property covered by the previous mortgage, then held by him and on record, had been recently incumbered by any additional liens. Search was made, and when it was found that no additional liens had been created the mortgage was then placed on record. I think this was a fair compliance with the requirement that the mortgage be filed within a reasonable time and that the commissioner was in error in holding otherwise.

[2] Section 230a of the Lien Law, supra, reads as follows:

"Every mortgage or conveyance intended to operate as a mortgage upon a stock of merchandise in bulk or any part thereof, or upon merchandise and fixtures pertaining to the conduct of the business of the mortgagor, shall be void as against the creditors of the mortgagor, unless the mortgagor shall at least five days before the execution of such mortgage make a full and detailed inventory, showing the quantity and, so far as possible with the exercise of reasonable diligence, the cost price to the mortgagor of each article to be included in the mortgage; and unless the mortgagee demand and receive from the mortgagor a written list of names and addresses of the creditors of the mortgagor due or owing to each and certified by the mortgagee, under oath to be a full, accurate and complete list of his creditors and of his indebtedness; and unless the mortgagee shall at least five days before the execution of such mortgage notify personally or by registered mail every creditor whose name and address is stated in such list, or of which he has knowledge, of the proposed mortgage and the terms and conditions thereof. [Added by Laws 1921, c. 462, in effect May 2, 1921.]"

No notice was given by the mortgagee, as provided in said section, but the court cannot agree with the conclusion of the commissioner that here was such a stock of merchandise in bulk as was contemplated by the statute. Except for the fixtures of the restaurant, there was nothing but articles of food, most of which would be sold and replaced from day to day in the conduct of the restaurant, and they cannot have been contemplated by the parties as property covered by the mortgage. This subject has been discussed in the case of Swift & Co. v. James Tempelos, 178 N. C. 487, 101 S. E. 8, 7 A. L. R. 1581, where the same conclusion was reached. In New York it has been held that the furniture and fixtures of a hotel are not such a stock of merchandise as requires giving the notice upon transfer. Stewart v. Sulger, 174 App. Div. 838, 161 N. Y. Supp. 489. If this conclusion is correct, it follows that the learned commissioner was in error in holding the chattel mortgage void upon the second ground stated.

[3] With respect to the third ground, the commissioner finds it is

clearly indicated that the bankrupt was insolvent when the mortgage was executed, and that the duty was cast upon the mortgagee to ascertain the actual facts as to the solvency or insolvency of the bankrupt before taking the mortgage. I am not referred to any authority which sustains this proposition of law, and I cannot find myself in accord therewith. The commissioner states that from all the facts and circumstances surrounding the whole transaction the mortgagee should have had good cause for belief that by taking the mortgage he might thereby be preferred over other possible creditors. With this conclusion I cannot agree, for nothing appears to indicate anything calculated to arouse suspicion of insolvency. Indeed, there seems to be nothing more on the record than a substitution by the mortgagee of new security for old security which he then held. To require an investigation by one taking a chattel mortgage, where no reason therefor appears, would seem to place an undue burden upon a mortgagee, and one never contemplated by the statute.

For these reasons I am constrained to find that the report of the commissioner, recommending that the motion to require the trustee to turn over to the petitioner the proceeds of the sale of the property in question should be denied, must be overruled, and that the motion must be granted. Settle order on notice.