## OBERLIN et v HAROKOPAS et

Ohio Appeals, 5th Dist, Stark Co

Decided Oct 20, 1932

A. C. L. Barthelmeh, Canton, for plaintiff in error.

C. R. Raedel, Canton, for defendants in error.

SHERICK, PJ.

The plaintiff in error makes two contentions, the first being that these statutes, if construed strictly, are class legislation, and, second, that if the statutes are not unconstitutional it was within the contemplation of the Legislature that a sale in bulk of hotel fixtures should come within the provisions and benefits of the act. It may be understood that what we may hereafter say shall have no application to what might be true if this were a sale in bulk of goods and fixtures of restaurants and boarding houses. We find the authorities divided on the question in these two businesses, but that question is not before us and we con-

fine ourselves strictly to the matter of a hotel sale.

Considering the question whether or not the statute is in the nature of class legislation, we direct attention to the case of **Steele, Hopkins & Meredith Co. v Miller,** 92 Oh St, 115, 110 NE, 648, L.R.A., 1916C, 1023, Ann. Cas., 1917C, 926, which to our notion is decisive of this question. The amendment to §2 **of Article XIII of the Constitution,** as adopted in September, 1912, cures the ills found to exist in prior legislation of a similar kind. As said in that case, page 123, "it is clear that it was intended by this amendment to confer power on the legislature to modify these guaranties, in so far as the right of contract for the sale of personal property is concerned, by the passage of the regulating laws authorized by it."

That court further said, at page 127:

"The authorities agree that a statute is general and uniform if it operates equally upon every person and locality within the circumstances covered by the act, and when a classification has a reasonable basis it is not invalid merely because not made with exactness or because in practice it may result in some inequality. * * *

"We think it clear that there are substantial reasons for the classification made by this statute. It applies equally to all merchants having a stock of merchandise for sale in the usual course of trade, who have creditors. It operates upon such class when there is contemplated a bulk sale of the stock otherwise than in the ordinary course of trade. It relates to all purchasers. It affects all within the class of creditors of such merchants."

In the case of **United Sales Promotion Co. v Anderson,** 100 Oh St, 58, 125 NE, 106, the court recognized that the bulk sales statutes are limitations upon the common law and the constitutional right of contract, and that they therefore must be strictly construed, and that a creditor who claims the protection of this act, trying to avail himself of the remedy provided, must bring himself fairly within the provisions of both sections.

And now considering these sections it must be apparent that the act only attempts to deal with the sale and transfer of merchandise in bulk, and the fixtures of a business used only in connection with merchandising. The words "hotel keeper" have a common and accepted meaning, and he is not a merchant as the public under-

stands one to be who is engaged in the purchase and sale of commodities daily offered to the public.

If the Legislature had intended to include hotel fixtures within the contemplation of the statute, it would have, without doubt, expressly said so in the act, and the sections being in derogation of the common law, and required to be strictly construed, we are not inclined to enlarge the class specified by the Legislature in the enactment of the Bulk Sales Law.

Our search discloses that other courts have considered the precise question now before us. In the case of Stewart, Trustee v Sulger, 174 App. Div., 838, 161 N. Y. S., 489, it was held that the personal property law, requiring notice to creditors upon transfer of stock of goods in bulk, does not apply to a transfer by a hotel keeper of furniture and fixtures of a hotel.

The New York act is very similar to our own. We also direct attention to a note appearing in 7 A.L.R., page 1587. Therein are cited two Canadian cases which hold to the same effect.

It is therefore our conclusion that the trial court did not err in its judgment, and the cause is affirmed.

LEMERT and MONTGOMERY, JJ, concur.